# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SIMS, COOK, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist RYAN A. BOWERSOX**
**United States Army, Appellant**

ARMY 20100580

Headquarters, XVIII Airborne Corps and Fort Bragg
Gary J. Brockington, Military Judge
Colonel Stephen J. Berg, Staff Judge Advocate

For Appellant: Captain Matthew T. Grady, JA (argued); Colonel Mark Tellitocci, JA; Lieutenant Colonel Jonathan F. Potter, JA; Major Laura R. Kesler, JA; Captain Matthew T. Grady, JA (on brief); Major Richard E. Gorini.

For Appellee: Captain Bradley M. Endicott, JA (argued); Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Stephen E. Latino, JA; Captain Christopher L. Simons, JA; Captain Bradley M. Endicott, JA (on brief).

24 February 2012

----------------------------------
OPINION OF THE COURT
----------------------------------

COOK, Judge:

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of two specifications of possessing obscene visual depictions of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 1466A(b)(1) (2006) and which conduct was of a nature to bring discredit upon the armed forces, made punishable by Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ]. Appellant was acquitted of an additional specification of wrongfully and knowingly possessing and viewing child pornography. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for four months, forfeiture of all pay and allowances, and reduction to the grade of E-1. Appellant's case is now before this court for review under Article 66, UCMJ.

## BACKGROUND

At the time of his offenses, appellant resided in a shared military barracks room on Fort Bragg, North Carolina.  After an odd exchange in their room, during which appellant allegedly displayed child pornography on his computer screen, appellant's roommate alerted the authorities.  Subsequently, appellant's desktop and laptop computers were lawfully searched and each was found to contain obscene cartoons or drawings of a minor engaging in sexually explicit conduct.  None of the depictions discovered on appellant's computers were of real children.

Appellant was charged with two specifications of violating Clauses 2 and 3 of Article 134, UCMJ.[1]  The first specification alleged that he possessed "five files and about three hundred thirty-six obscene visual depictions of a minor engaging in sexually explicit conduct" on his desktop computer, and the second alleged that he possessed "one file and twenty-two" such depictions on his laptop computer.  At appellant's court-martial, the military judge found appellant guilty, by exceptions and substitutions, of possessing 216 depictions under the former specification, and 8 depictions under the latter.  Additionally, the military judge made special findings listing each of the 224 depictions he found to be an obscene visual depiction of a minor engaging in sexually explicit conduct.

## LAW AND DISCUSSION

Appellant raises three assignments of error, only one of which merits discussion.  In this assignment of error, appellant advances several arguments as to the infirmity of his convictions; we will address three of those reasons in turn.  First, appellant claims that many of the obscene depictions supporting his convictions are factually insufficient because they do not depict a minor engaging in sexually explicit conduct.  Second, appellant avers that 18 U.S.C. § 1466A (2006) is unconstitutional as applied to the facts of his case because *Stanley v. Georgia*, 394 U.S. 557 (1969), created a constitutional right to possess obscene visual depictions applicable in these circumstances.  Finally, appellant argues, in general, the evidence is legally insufficient as to the service-discrediting nature of his conduct and specifically avers insufficiency because there is no evidence the public was aware that he possessed numerous obscene depictions of a minor engaging in sexually explicit conduct.

We agree with appellant that some depictions underlying his convictions are factually insufficient and will take action in our decretal paragraphs.  However, we

---

[1] Appellant was also charged with a third specification for possessing and viewing child pornography, ostensibly based on his roommate's testimony regarding the odd exchange in their barracks room; however, appellant was acquitted of this charged specification.

disagree with appellant as to the merit of his remaining claims. The limited protections afforded in *Stanley* do not extend to a case such as this. Furthermore, there is no legal requirement that the public actually be aware of appellant's conduct for it to be punishable as service-discrediting.

*Legal and Factual Sufficiency of the Visual Depictions*
*Supporting Appellant's Convictions*

Article 66, UCMJ, provides that a Court of Criminal Appeals "may affirm only such findings of guilty . . . as it finds correct in law and fact." In performing our duty, we must conduct a de novo review of both the legal and factual sufficiency of appellant's convictions. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011). The test for factual sufficiency, on the other hand, "involves a fresh, impartial look at the evidence, giving no deference to the decision of the trial court on factual sufficiency beyond the admonition in Article 66(c), UCMJ, to take into account the fact that the trial court saw and heard the witnesses." *Washington*, 57 M.J. at 399.

In this case, to violate 18 U.S.C. § 1466A(b)(1), appellant must be proved to have, *inter alia*, possessed obscene visual depictions which show a minor engaging in sexually explicit conduct.[2] A minor is "any person under the age of eighteen

---

[2] 18 U.S.C. § 1466A (2006) reads, in relevant part:

> (b) ADDITIONAL OFFENSES.—Any person who, in a circumstance described in subsection (d), knowingly possesses a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting, that—
>
>> (1)(A) depicts a minor engaging in sexually explicit conduct; and
>>
>> (B) is obscene;
>>
>> . . . .
>
> or attempts or conspires to do so, shall be subject to the penalties provided in section 2252A(b)(2) . . . .
>
> (c) NONREQUIRED ELEMENT OF OFFENSE.—It is not a required element of any offense under this section that the minor depicted actually exist.
>
> (d) CIRCUMSTANCES.—The circumstance referred to in subsections (a) and (b) is that—
>
>> . . . .

(continued . . .)

years," 18 U.S.C. § 2256(1) (2006), and "'sexually explicit conduct' has the meaning given the term in [18 U.S.C. §] 2256(2)(A) or 2256(2)(B)," § 1466A(f)(2). Further, to conclude that a work is obscene, the fact finder must determine "(a) whether the average person, applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest, (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." *Miller v. California*, 413 U.S. 15, 24 (1973) (internal quotation marks and citations omitted).

After reviewing the entire record, we are not convinced beyond a reasonable doubt that all of the depictions underlying appellant's convictions, as indicated by the military judge in his special findings, are factually sufficient. Specifically, we find 30 of the 216 depictions underlying Specification 2 of The Charge,[3] and 1 of the 8 depictions underlying Specification 3 of The Charge,[4] are not obscene and/or do not show a minor engaging in sexually explicit conduct in violation of § 1466A(b)(1). However, we find that the remaining depictions identified in the military judge's special findings, which form the basis of appellant's convictions, are both legally and factually sufficient.

---

(. . . continued)

> > (5) the offense is committed in the special maritime and territorial jurisdiction of the United States . . . .
> >
> > . . . .
>
> (f) DEFINITIONS.—For purposes of this section—
>
> > (1) the term "visual depiction" includes undeveloped film and videotape, and data stored on a computer disk or by electronic means which is capable of conversion into a visual image, and also includes any photograph, film, video, picture, digital image or picture, computer image or picture, or computer generated image or picture, whether made or produced by electronic, mechanical, or other means. . . .

[3] Contrary to the military judge's special findings of Specification 2 of The Charge, we are not convinced beyond a reasonable doubt that possession of the following depictions violates § 1466A(b)(1): Prosecution Exhibits 26, 27, 28, 30, 34, 40, 54, 55, 77, 90, 106, 120, 121, 122, 123, 132, 143, 149, 154, 156, 157, 183, 184, 206, 277, 285, 316, 319, 326, and 335.

[4] Contrary to the military judge's special findings of Specification 3 of The Charge, we are not convinced beyond a reasonable doubt that possession of the depiction in Prosecution Exhibit 13 violates § 1466A(b)(1).

*Constitutionality of Appellant's § 1466A(b)(1) Convictions*

Having found the evidence legally and factually sufficient to support appellant's convictions for possession of 193 total depictions in violation of § 1466A(b)(1), we must next decide whether these convictions violate constitutional safeguards in light of the facts and circumstances of appellant's case.[5] Citing *Stanley v. Georgia*, 394 U.S. 557 (1969), appellant argues his convictions must be set aside because, "[s]imilar to the defendant in *Stanley*, appellant was convicted even though he merely possessed obscene material in the privacy of his own home." We disagree with appellant that the limited protections afforded in *Stanley* reach a case such as this.

The First Amendment to the United States Constitution commands that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. However, "obscene material is unprotected by the First Amendment." *Miller*, 413 U.S. at 23 (internal citations omitted). In a category distinct from obscenity, child pornography is also outside the protection of the First Amendment. *New York v. Ferber*, 458 U.S. 747 (1982). The rationales expounded in *Ferber* for denying constitutional protection to child pornography do not apply where the child pornography does not depict an actual child. *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 249–56 (2002).

Here, appellant was prosecuted for violating § 1466A, a post-*Ashcroft* obscenity statute which criminalizes possession of an obscene visual depiction of a minor engaging in sexually explicit conduct, regardless of whether the depiction is of an actual minor. At the time of the charged offenses, appellant was residing in a military barracks room which was located in the special maritime and territorial jurisdiction of the United States. 18 U.S.C. § 7 (2006). Furthermore, appellant shared his barracks room with another soldier, a soldier who eventually alerted the authorities about disturbing images on appellant's computer. These are the circumstances to which appellant seeks application of *Stanley*.

Appellant's argument "overlooks the explicitly narrow and precisely delineated privacy right on which *Stanley* rests." *United States v. Twelve 200-ft. Reels of Super 8mm. Film*, 413 U.S. 123, 127 (1973). In fact, *Stanley*'s reach is very limited. *Osborne v. Ohio*, 495 U.S. 103, 108 (1990) ("*Stanley* should not be read too broadly."); *Twelve 200-ft. Reels of Super 8mm. Film*, 413 U.S. at 128 ("We are not

---

[5] Appellant does not contend that § 1466A(b)(1) is facially unconstitutional. This subsection is neither vague nor overbroad because it explicitly requires the offending material meet the *Miller* definition of constitutionally unprotected obscenity. *See United States v. Williams*, 553 U.S. 285, 293, 297 (2008) (holding that a statute whose definitions "precisely track[] the material held constitutionally proscribable in *Ferber* and *Miller*" was not facially unconstitutional).

disposed to extend the precise, carefully limited holding of *Stanley* to permit importation of admittedly obscene materials simply because it is imported for private use only."); *United States v. Orito*, 413 U.S. 139, 143 (1973) (The Court rejected the application of *Stanley* and stated, "That the transporter has an abstract proprietary power to shield the obscene material from all others and to guard the material with the same privacy as in the home is not controlling."); *United States v. Handley*, 564 F. Supp. 2d 996 (S.D. Iowa 2008) (rejecting the application of *Stanley* to the transportation of obscene material in interstate commerce in violation of 18 U.S.C. § 1466A).

In this case, the government charged and proved appellant's possession of obscene visual depictions of a minor engaging in sexually explicit conduct occurred in a shared barracks room in the special maritime and territorial jurisdiction of the United States. There is no constitutionally recognized right to possess such material, under these circumstances, on property within the special maritime and territorial jurisdiction of the United States and no authority to extend *Stanley* into this province. "[T]he threshold of a barracks/dormitory room does not provide the same sanctuary as the threshold of a private home." *United States v. Conklin*, 63 M.J. 333, 337 (C.A.A.F. 2006) (quoting *United States v. McCarthy*, 38 M.J. 398, 403 (C.M.A. 1993)). As such, the circumstances of appellant's case remove it from the circumscribed protections afforded in *Stanley*. Accordingly, we hold that 18 U.S.C. § 1466A(b)(1) is not unconstitutional as applied to appellant.

*Sufficiency of the Alternative Theories of Guilt,*
*Violations of Clause 2 of Article 134, UCMJ*

Finally, we conclude that the evidence is legally and factually sufficient to support the alternative theory alleged in both specifications that appellant's conduct was of a nature to bring discredit upon the armed forces. UCMJ art. 134, clause 2. We are not persuaded by appellant's argument that there must be some evidence a member of the public was actually aware of his actions. "The focus of clause 2 is on the 'nature' of the conduct, whether the accused's conduct would tend to bring discredit on the armed forces if known by the public, not whether it was in fact so known." *Phillips*, 70 M.J. at 165–166. Therefore, the analysis ultimately "depends on the facts and circumstances of the conduct." *Id.* at 166.

Considering appellant's conduct in the aggregate, it is clear he possessed 193 obscene depictions which show a minor engaging in sexually explicit conduct. He repeatedly searched for, downloaded and viewed these obscene depictions. Furthermore, he possessed each of these obscene depictions in a military barracks room that he shared with another soldier. Viewed in the light most favorable to the prosecution, any rational trier of fact could determine beyond a reasonable doubt that the conduct alleged actually occurred and could also determine beyond a reasonable doubt that appellant's conduct would tend to bring the service into disrepute if it were known. *See Jackson*, 443 U.S. at 318–19; *Phillips*, 70 M.J. at

166. Furthermore, in conducting our own review, we are in fact convinced beyond a reasonable doubt that appellant's conduct was of a nature to bring discredit upon the armed forces. Accordingly, we conclude the alternative theories of committing service-discrediting conduct, expressly alleged in both specifications, are legally and factually sufficient.

## CONCLUSION

On consideration of the entire record, the court affirms only so much of the finding of guilty of Specification 2 of The Charge as finds that appellant "did, at Fort Bragg, North Carolina, land owned by the United States Government, between on or about 1 February 2009 and on or about 27 February 2009, knowingly possess a desktop computer hard drive, serial number CNH7340GRF, containing 186 obscene visual depictions of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 1466A(b)(1), which conduct was of a nature to bring discredit upon the armed forces."

As to Specification 3 of The Charge, on consideration of the entire record, the court affirms only so much of the finding of guilty as finds that appellant "did, at Fort Bragg, North Carolina, land owned by the United States Government, between on or about 1 February 2009 and on or about 27 February 2009, knowingly possess a laptop computer hard drive, serial number 2CE62803CN, containing seven obscene visual depictions of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 1466A(b)(1), which conduct was of a nature to bring discredit upon the armed forces."

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

Senior Judge SIMS and Judge GALLAGHER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court