# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant DONALD E. GRAVES**
**United States Army, Appellant**

ARMY 20110210

Headquarters, Fort Bliss
David H. Robertson, Military Judge (arraignment)
Patrick Parrish, Military Judge (trial)
Colonel Francis P. King, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain E. Patrick Gilman, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Captain Steve T. Nam, JA; Major Thomas E. Brzozowski, JA (on brief).

28 February 2013

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of violating a lawful general order by wrongfully possessing pornography and one specification of knowingly possessing "pornographic images and virtual images of individuals who were, or appeared to be, under the age of 18," in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for two years, and reduction to the grade of E-1. This case is before us for review pursuant to Article 66, UCMJ.

**BACKGROUND**

At the time of the offenses, appellant was performing duties at Camp Taji, Iraq. As found at trial, and not contested on appeal, appellant was convicted of violating a lawful general order, by wrongfully possessing pornography, in violation of Article 92, UCMJ. Contested on appeal is the validity of the Article 134, UCMJ, conviction. This specification alleges:

> In that [appellant], U.S. Army, did, at or near Camp Taji, Iraq, between on or about 2 July 2009 and 12 July 2009, knowingly possess over fifty pornographic images and *virtual images* of individuals who were, *or appeared to be* under the age of eighteen, including but not limited to [20 jpg files][1] which conduct was prejudicial to good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces. (emphasis added).

Appellant identifies two assignments of error in challenging this charge.[2] In light of our superior court's ruling in *United States v. Beaty*, 70 M.J. 39 (C.A.A.F

---

[1] Prior to entry of pleas, six jpg files were removed from the specification, leaving a total of 14 files.

[2]

I.

> SOLDIERS MAY BE PROSECUTED UNDER THE UNIFORM CODE OF MILITARY JUSTICE FOR POSSESSING IMAGES OF APPARENT MINORS ENGAGING IN SEXUALLY EXPLICIT CONDUCT. THE MILITARY JUDGE FAILED TO ELICIT ADMISSIONS FROM THE APPELLANT THAT THOSE IMAGES HE POSSESSED WERE OF APPARENT CHILDREN ENGAGING IN SEXUALLY EXPLICIT CONDUCT BECAUSE HE IMPROPERLY DEFINED CHILD PORNOGRAPHY. THEREFORE, THERE IS A SUBSTANTIAL BASIS IN LAW AND FACT TO QUESTION THE PLEA.

II.

> THE MILITARY JUDGE ADVISED APPELLANT THE MAXIMUM PERIOD OF CONFINEMENT FOR THE OFFENSES TO WHICH HE PLED GUILTY WAS TWELVE YEARS. IN FACT, THE MAXIMUM PERIOD

2011), appellant's second assignment of error has merit and we will afford appropriate relief in our decretal paragraph.

**LAW and DISCUSSION**

In *Beaty*, a case decided after appellant's trial, our superior court, the U.S. Court of Appeals for the Armed Forces [hereinafter CAAF], was faced with several of the same issues now present in the instant case. These similarities include the specification at issue. In the instant case, the specification alleges the images are of individuals "who were, *or appeared to be* under the age of eighteen . . . ." (emphasis added). In *Beaty*, the specification alleging wrongful possession of child pornography stated the images were of "a minor, *or what appears to be a minor . . . .*" (emphasis added). To the extent 18 U.S.C. § 2252(a) (2006) was used in *Beaty* in determining a maximum punishment, we will also use the definition of a minor found in this statute. Specifically, this statute defines minor as "any person under the age of eighteen years."[3] As such, we will treat the operative phrase in the instant case as being identical to the one found in *Beaty*.

Continuing the analysis of similarities between *Beaty* and the instant case, we note that: both the specification at issue and the specification in *Beaty* contain the Article 134, UCMJ, terminal elements; appellant and Beaty both pleaded guilty to this specification; and in both cases the military judge referred to 18 U.S.C. § 2252(a) (2006) in determining the maximum confinement for the offense was ten years.

The CAAF ultimately affirmed Beaty's conviction under Article 134, UCMJ. The CAAF stated it had repeatedly found possession of actual or virtual child pornography can be prosecuted under clause 1 or 2, Article 134, UCMJ. *Beaty* 70 M.J. at 41 (internal citations omitted). However, the CAAF also found, while

---

(. . . continued)
OF CONFINEMENT APPELLANT WAS FACING FOR THE OFFENSES TO WHICH HE PLED GUILTY WAS TWO YEARS AND FOUR MONTHS. THE MILITARY JUDGE ERRED TO APPELLANT'S SUBSTANTIAL PREJUDICE WHEN HE RELIED ON AN ERRONEOUS INTERPRETATION OF THE LAW TO ADVISE AND SENTENCE APPELLANT. THEREFORE, APPELLANT'S PLEA WAS NOT KNOWING AND VOLUNTARY BECAUSE IT WAS BASED ON A MISAPPREHENSION OF THE MAXIMUM SENTENCE. *See United States v. Walker*, 34 M.J. 264, 266 (C.M.A. 1992).

[3] *See* 18 U.S.C. § 2256 (2006).

applying a *de novo* review of the maximum punishment, the military judge erred as a matter of law in deciding the charged offense carried a maximum punishment of ten years.

Specifically, the CAAF first found possession of child pornography, or what appears to be child pornography, is not a listed offense under Part IV of the Manual for Courts-Martial. *Id*. at 42; *Manual for Courts-Martial, United States* (2008 ed.) [hereinafter *MCM*], pt. IV. The CAAF then found that in response to the Supreme Court's decision in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S. Ct. 1389, 152 L. Ed. 2d 403 (2002), "the United States Code does not criminalize possession of 'what appears to be' child pornography." *Beaty*, 70 M.J. at 43. As such, the CAAF found it was error for the military judge to use the maximum punishment attached to 18 U.S.C. § 2252(a). In finding error the CAAF noted that:

> [w]hen confronted with Article 134, UCMJ, offenses not specifically listed, that are not closely related to or included in a listed offense, that do not describe acts that are criminal under the United States Code, and where there is no maximum punishment 'authorized by the custom of the service,' they are punishable as 'general' or 'simple' disorders, with a maximum sentence of four months of confinement . . . .

*Id*. at 45.

In applying a *de novo* review of the maximum punishment, we find it was error for the military judge to apply the maximum punishment attached to 18 U.S.C. § 2252(a) in the instant case. Not only does the instant specification under review contain the "appears to be" language found wanting in *Beaty*, but it also contains a reference to "virtual images." The applicable statute, 18 U.S.C. § 2252(a), criminalizes possession of visual depictions that are of, or are indistinguishable from, an actual minor. This statute does not criminalize possession of virtual child pornography.[4]

Unlike in *Beaty*, the government in the instant case conceded the military judge erred in applying the ten year maximum confinement punishment found in 18 U.S.C. § 2252(a). The government further conceded that based on *Beaty*, the correct maximum punishment for this general Article 134, UCMJ, offense includes only four months of confinement. However, the government further argues appellant has not

---

[4] 18 U.S.C. § 1466A(b)(1)(2006) is an obscenity statute that criminalizes possession of visual depictions of virtual minors engaging in sexually explicit conduct. *See United States v. Bowersox*, 71 M.J. 561 (Army Ct. Crim. App. 2012).

shown that he was materially prejudiced by this error. We disagree that appellant was not materially prejudiced.

Reducing the maximum confinement in the instant case from twelve years to two years and four months represents a dramatic change in the sentencing landscape, particularly in light of appellant's sentence to two years of confinement. A sentence reassessment under *United States v. Sales*, 22 M.J. 305 (C.M. A. 1986), would be inappropriate. We will take appropriate action in our decretal paragraph to remedy this issue.

## CONCLUSION

The findings of guilty are affirmed. The sentence is reversed and set aside. The record of trial is returned to The Judge Advocate General. A rehearing on the sentence may be ordered.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court