# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, K.J. BRUBAKER, M.C. HOLIFIELD**
**Appellate Military Judges**

### UNITED STATES OF AMERICA

v.

### ANDREW J. SHIFFLETT
### CORPORAL (E-4), U.S. MARINE CORPS

### NMCCA 201400311
### GENERAL COURT-MARTIAL

**Sentence Adjudged:** 9 April 2014.
**Military Judge:** LtCol E.A. Harvey, USMC.
**Convening Authority:** Commanding General, 1st Marine Logistics Group, Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation:** LtCol E.J. Peterson, USMC.
**For Appellant:** Capt Michael Magee, USMC; LT Carrie E. Theis, JAGC, USN.
**For Appellee:** Maj Susan M. Dempsey, USMC; Capt Matthew M. Harris, USMC.

**11 June 2015**

---

## OPINION OF THE COURT

---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, contrary to his pleas, of one specification each of violating a lawful general order and of possessing child pornography, in violation of Articles 92 and

134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934.[1] The military judge sentenced the appellant to three years' confinement, forfeiture of all pay and allowances, reduction to pay grade E-1, and a dishonorable discharge (DD). The convening authority (CA) approved the sentence as adjudged, and, except for the DD, ordered it executed.

The appellant raises three assignments of error (AOEs): (1) That the military judge erred in applying the maximum sentence applicable to possession of child pornography under the current version of Article 134, UCMJ, when that provision was not in effect at the time of the charged misconduct; (2) that the sentence is inappropriately severe; and (3) that trial defense counsel rendered ineffective assistance by failing to request a bill of particulars identifying what files the Government alleged to be child pornography.[2]

After carefully considering the record of trial and the submissions of the parties, we conclude the findings and sentence are correct in law and fact and that there was no error materially prejudicial to the substantial rights of the appellant. Arts 59(a) and 66(c), UCMJ.

## Background

Using an internet search tool, agents of the Naval Criminal Investigative Service (NCIS) identified the appellant's computer as advertising the ability to transmit child pornography via a peer-to-peer sharing program. Learning the appellant had subsequently deployed, the agents arranged for the seizure in Afghanistan of the appellant's electronic media, including a laptop computer and an external hard drive. A forensic analysis of these items revealed the presence of both video and still images of child pornography. The hard drive also contained

---

[1] At arraignment the charge sheet contained two separate charges, the Charge and Additional Charge II, with a single specification under each, of possessing child pornography in violation of Article 134, UCMJ, along with the order violation charge. Prior to announcement of findings, the military judge found that the two possession of child pornography specifications constituted an unreasonable multiplication of charges. Accordingly, the military judge merged the specifications under the Second Additional Charge and dismissed the Charge. Record at 476.

[2] AOEs II and III are raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

images of adult pornography; possession of such material by Marines in Afghanistan was proscribed by a general order.[3]

Other facts necessary to address the assigned errors will be provided below.

**Maximum Sentence**

After announcing the findings, the military judge stated that the maximum period of confinement faced by the appellant was 12 years: ten for possessing child pornography and two for violating a lawful general order. There was no discussion of the basis for the maximum confinement calculation for either offense, yet the civilian defense counsel agreed with the military judge, stating, "it's a total of 12."[4]

On appeal, the appellant argues that the maximum punishment applicable to the Second Additional Charge is only that permitted for a simple disorder under Article 134, that is, 4 months' confinement and forfeiture of two-thirds pay per month for four months. We disagree:

*1. Determining the applicable maximum sentence for offenses charged under clause 1 and 2 of Article 134, UCMJ*

The maximum punishment authorized for an offense is a question of law, which we review *de novo*. *United States v. Beaty*, 70 M.J. 39, 41 (C.A.A.F. 2011). For limits on authorized punishments under the UCMJ, we turn to RULE FOR COURTS-MARTIAL 1003, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).[5] This Rule "employs mutually exclusive criteria, dependent upon whether the offenses are 'listed' or 'not listed' 'in Part IV [of the Manual for Courts-Martial].'" *United States v. Booker*, 72 M.J. 787, 799 (N.M.Ct.Crim.App. 2013) (citation omitted), *rev. denied sub nom. United States v. Schaleger,* 73 M.J. 92, (C.A.A.F. 2013) (summary disposition). The maximum limits for authorized punishments are set forth for each offense listed in Part IV of the MANUAL FOR COURTS-MARTIAL, UNITED STATES (MCM). For offenses not listed in Part IV of the MCM, we turn to the President's guidance in R.C.M. 1003(c)(1)(B)(i)-(ii). There we find the

---

[3] General Order 1B, I Marine Expeditionary Force (Forward), dated 1 Mar 2011.

[4] Record at 494. *See also id*. at 105-06, 484 and Appellate Exhibit XXII.

[5] Pursuant to authority delegated from Congress under Article 56, UCMJ, the President has specified offense-based limits on punishment in R.C.M. 1003.

3

inquiry is "dependent upon whether the charged offense: (1) is closely related to or necessarily included in an offense listed in Part IV of the Manual, and, if neither, then (2) whether the charged offense is punishable as authorized by the United States Code or as authorized by custom of the service." *Booker*, 72 M.J. at 802 (footnote omitted).

In this case, the Government charged the appellant with possession of child pornography on or between 1 June 2010 and 13 August 2011. Child pornography was not "listed" as an offense in Part IV of the MCM until the President issued Executive Order (EO) 13593 on December 13, 2011.[6] *See Booker,* 72 M.J. at 800-02 and MCM (2012 ed.), Part IV, ¶68b. Since there was no closely related or necessarily included offenses listed in Part IV of the MCM at the time of the offense, we look to whether the charged offense is punishable as authorized by the United States Code or as authorized by custom of the service.

*2.  The maximum punishment applicable in the present case*

At the time of the charged misconduct, possession of child pornography was punishable under the United States Code by up to ten years in prison.[7] Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. § 2552A (2006). The language of the CPPA, however, does not extend to "what appears to be" child pornography.[8] The appellant argues that the offense of which the appellant stands convicted either expressly or implicitly included possession of "what appears to be" child pornography and that the military judge applied this broader definition of child pornography in finding the appellant guilty of the Article 134, UCMJ offense. The appellant concludes that  at the time of the charged offenses, there was no closely related listed offense or analogous Federal statute that specifically addressed possession of "what appears to be" child pornography and that possession of "what appears to be" child pornography is punishable under Article 134 only as a simple disorder. *Beaty*, 70 M.J. at 40, 45.

---

[6] Amendments contained in EO 13593 took effect 30 days following its issuance. Under the now "listed" offense, possessing child pornography carries a maximum punishment of 10 years' confinement.

[7] Certain aggravating factors could increase the maximum above ten years.

[8] In the wake of the Supreme Court's decision in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), the statute was amended to remove any such language. *See* PROTECT Act, Pub.L. No. 108-21, § 502(a)(1), 117 Stat. 650. *See also Beaty*, 70 M.J. at 43.

4

We find no evidence in the record to support this conclusion. First, both specifications under the original Charge and Second Additional Charge alleged possession of "child pornography, to wit: a hard drive containing images and video of minors engaging in sexually explicit conduct" – there is no mention of "what appears to be" minors.[9] When the military judge merged these specifications, this description of the child pornography was unchanged.[10]

Second, there is no evidence indicating the military judge applied a definition of "child pornography" that differed from the language of the specifications. Although the appellant would ascribe several of trial counsel's comments to the military judge, this attempt crumbles under examination. While trial counsel opined that EO 13593 and it's "across the board adoption of 10 years"[11] somehow supported a ten-year maximum for conduct that preceded the EO's effective date, there is nothing to indicate the military judge concurred. Likewise, when trial counsel incorrectly argued that child pornography "need not involve an actual minor,"[12] there is nothing in the record to show the military judge agreed. And the trial counsel's urging the use of a findings instruction that includes *optional* definitional language regarding virtual child pornography[13] does not prove that the military judge ignored the plain language of the specifications to apply the optional, inapplicable definition.

"Military judges are presumed to know the law and to follow it absent clear evidence to the contrary." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)). Absent any

---

[9] Charge Sheet. We note that appellate defense counsel, in her brief dated 22 January 2015, clearly misquotes both the language from the original specifications and the new specification as merged by the military judge. In two instances she specifically quotes the language as including "or what appears to be minors." Appellant's Brief at 3-4. A plain reading of the record shows these purported quotations to be inaccurate. We find this conduct by the appellate defense counsel most troubling. The fact these misrepresentations go directly to the crux of the appellant's assigned error only increases our concern.

[10] Record at 476.

[11] *Id.* at 106.

[12] *Id*. at 452.

[13] Military Judges' Benchbook, Dept. of the Army Pamphlet 27-9, ¶ 3-68b-1 (1 Jan 2010).

indication the military judge here agreed with the trial counsel's statements or applied an incorrect definition of "child pornography," we find no reason to presume otherwise. That the evidence contains images and videos clearly portraying very young children engaged in sexual activity only further supports our conclusion that the military judge applied the correct law.

Accordingly, we find no evidence indicating the military judge applied a definition of "child pornography" encompassing anything broader than actual children engaged in sexual conduct. The appellant is asking this court to find a *Beatty* issue where none exists.

## Sentence Appropriateness

This court reviews sentence appropriateness *de novo. United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). Sentence appropriateness involves the judicial function of assuring that justice is done and that the appellant gets the punishment he deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). As part of that review, we give "'individualized consideration' of the particular appellant 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

Here, the appellant was convicted of possessing images and videos of children engaged in sexual conduct, including at least one lengthy video depicting a young girl crying as she is raped by an adult male. While the appellant may otherwise be a good Marine with a strong work ethic, we conclude that, based on the entire record, justice was served and the appellant received the punishment he deserved.

## Ineffective Assistance

Where ineffective assistance of counsel is claimed, "questions of deficient performance and prejudice" are reviewed *de novo. United States v. Gutierrez*, 66 M.J. 329, 330-31 (C.A.A.F. 2008) (citations omitted). This court analyzes such claims using the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) Whether counsel's performance fell below an objective standard of reasonableness, and (2) if so, whether, but for the deficiency, the result would

6

have been different.  *United States v. Paxton*, 64 M.J. 484, 488 (C.A.A.F. 2007).

Counsel is presumed to have performed in a competent, professional manner.  To overcome this presumption, an appellant must show specific defects in counsel's performance that were "'unreasonable under prevailing professional norms.'"  *United States v. Quick*, 59 M. J. 383, 386 (C.A.A.F. 2004) (quoting *United States v. Anderson*, 55 M.J. 198, 201 (C.A.A.F. 2001)).  However, "[w]hen reviewing ineffectiveness claims 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant.  *United States v. Datavs*, 71 M.J. 420, 424-25 (C.A.A.F. 2012) (quoting *Strickland*, 466 U.S. at 697).  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" *Id.* (quoting *Strickland*, 466 U.S. at 697).  Accordingly, we turn first to the issue of prejudice.

The appellant alleges his trial defense counsel were ineffective for failing to request a bill of particulars outlining what files the Government believed to be "actual child pornography."  Appellant's Brief, at 2.  He further claims such a bill would have allowed his expert to "examine those files specifically for possible exculpatory evidence." *Id*.  However, the appellant provides no explanation as to why the expert was unable to examine each of the files identified and provided by the Government in discovery.  This was not a trial involving virtual mountains of electronic files.  In all, NCIS sent only 24 items for analysis by the Government's forensic expert, who examined only 12.  (The Government offered ten of these files as prosecution exhibits at trial.)  The simple fact such a bill of particulars *may* have made the expert's clearly manageable job a bit easier hardly creates "a reasonable probability that . . . the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695.  We, therefore, find no prejudice.

## Conclusion

The findings and the sentence as approved by the CA are affirmed.

For the Court


R.H. TROIDL
Clerk of Court