# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class TRAVIS J. GREGG**
**United States Army, Appellant**

ARMY 20121119

Headquarters, Fort Stewart
Tiernan Dolan (arraignment and motions hearing)
G. Bret Batdorff, Military Judge (motions hearing and trial)
Lieutenant Colonel Francisco A. Vila, Staff Judge Advocate

For Appellant: Captain Ian M. Guy, JA; William E. Cassara, Esq. (on brief); Captain Michael J. Millios, JA; William E. Cassara, Esq. (on reply brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Sean Fitzgibbon, JA; Captain Timothy C. Erickson, JA (on brief).

29 June 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

LIND, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of conspiracy to commit aggravated sexual assault, aggravated sexual assault, abusive sexual contact (two specifications), and indecent acts in violation of Articles 81 and 120, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 881, 920 (2006 & Supp. IV 2011). The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for 24 months, and reduction to the grade of E-1.

This case is before the court for review under Article 66, UCMJ. Appellant alleges two assignments of error. Appellant's complaint that his sentence is disproportionately severe when compared to the punishment received by his coactors merits discussion, but not relief.

**FACTS AND PROCEDURAL BACKGROUND**

Late at night on 29 October 2011, 16-year-old Ms. AB snuck out of her home to meet Private First Class (PFC) James Banks, whom she was dating. They went to a party at the home of PFC Stephen Perkins and his wife. There was copious drinking going on at the party. Ms. AB drank hard alcohol and subsequently became dizzy and lightheaded. She lay down on a couch. Private First Class Banks came over to inform Ms. AB that appellant told him he wanted to have sex with her. Ms. AB said "no" and that she only wanted to have sex with PFC Banks. The next thing Ms. AB remembered was being awakened by PFC Banks who asked Ms. AB if she was really drunk. She answered, "yeah." Private First Class Banks then went and told appellant to give them five minutes and then come upstairs. Private First Class Banks helped Ms. AB up the stairs and into a bedroom. Ms. AB's and PFC Banks' clothes came off and they began having sex on a futon. Ms. AB saw a person who she could not identify in the doorway. She said, "I can see you," and began laughing with PFC Banks. Ms. AB did not remember anything else until she became "conscious again" feeling a penis in her mouth and "something" on her vagina. She heard a voice other than PFC Banks. Ms. AB next awoke on the floor. She vomited on the futon and heard other people in the room laugh. She heard multiple voices she could not identify and tried to crawl away. A person grabbed her and said, "where are you going?" Ms. AB next remembered having a conversation with PFC Banks and telling him that he did not care. Private First Class Banks told her he did care. Ms. AB fell out of consciousness again. She awoke to hear PFC Perkins' wife come into the room to find PFC Banks and Ms. AB spooning, and her husband with his pants down. Ms. AB knew there was more than one person in the room, but she could not identify anyone other than PFC Banks. She testified she did not consent to any type of sexual conduct with anyone other than PFC Banks.

Appellant made a statement to CID and admitted he was at the party with PFC Banks, Ms. AB, PFC Perkins, PFC Perkins' wife, and PVT Nicholas Miskiewicz, among others. Appellant stated he had approximately 20 twelve-ounce beers and that he and everyone else were "wasted." Appellant described himself as stumbling, his speech slurred, with blurred vision. He said Ms. AB was as intoxicated as he was. At some point, appellant told PFC Banks he wanted to have sex with Ms. AB. Private First Class Banks said he would ask her and later told appellant he was taking Ms. AB upstairs and to come up after five minutes. Appellant went upstairs and saw Ms. AB and PFC Banks laying down. He watched for a few minutes. Private Miszkiewicz later came up and stood by appellant. Private First Class Banks motioned for appellant to come over and he did. Appellant "played with" Ms. AB's breasts and had sexual intercourse with Ms. AB. Appellant and PFC Banks took turns having sex with Ms. AB while Ms. AB performed oral sex on the other. While appellant was having sex with Ms. AB, PVT Miszkiewicz tapped him on the shoulder indicating he wanted to have sex with Ms. AB. Appellant moved away to allow him to have sex. Appellant stayed in the room. At some point, PFC Perkins came into the room. Appellant later had Ms. AB perform oral sex on him again and

also had sex with her again. Appellant ejaculated on his hand, went to the bathroom to clean up, and then went downstairs. Appellant told CID the sexual activity that occurred was consensual.

Charges against appellant, PFC Banks, PVT Miszkiewicz, and PFC Perkins were referred to general court-martial. Each was charged with conspiring with the others to commit aggravated sexual assault against Ms. AB, who was substantially incapacitated; aggravated sexual assault against Ms. AB, who was substantially incapacitated; abusive sexual contact by penile penetration of Ms. AB's mouth while she was substantially incapacitated; and indecent acts for engaging in this sexual conduct in the presence of others. Private First Class Perkins was also charged with adultery. Private First Class Banks was also charged with two specifications of simple disorders under Article 134, UCMJ, for providing alcohol to a minor and for concealing Ms. AB in the trunk of his vehicle when entering Fort Stewart. Appellant and PVT Miszkeiwicz were each charged with an additional specification of abusive sexual contact for touching Ms. AB's breasts while she was substantially incapacitated. Appellant was also charged with another specification of aggravated sexual assault against Ms. AB, who was substantially incapacitated, and another specification of abusive sexual contact by penile penetration of Ms. AB's mouth while she was substantially incapacitated.

Appellant was tried first. As part of its case in chief, the government introduced his oral statement to CID. He did not testify in his trial. Appellant was convicted of all of the charged offenses except one aggravated sexual assault specification and one abusive sexual contact specification. He was sentenced to a dishonorable discharge, 24 months confinement, and reduction to the grade of E-1.

Private First Class Banks, PFC Miskiewicz, and PFC Perkins were tried after appellant. All were found guilty of indecent acts, but not guilty of conspiracy, aggravated sexual assault, abusive sexual contact, or adultery. Private First Class Banks was also found guilty of one specification of a simple disorder under Article 134, UCMJ, for entering Fort Stewart with Ms. AB in the trunk of his vehicle. He was sentenced to 30 days confinement and reduction to the grade of E-1. Private First Class Perkins was sentenced to confinement for 75 days; and PVT Miszkiewicz was sentenced to confinement for 30 days.

## LAW

This court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." UCMJ art. 66(c). In making sentence appropriateness determinations, we consider, among other things, the character of the offender and the nature and seriousness of his offenses. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citing *United States v. Mamaluy*, 10 U.S.C.M.A. 102, 106-07, 27 C.M.R. 176, 181 (1959)). We have wide discretion

in determining whether a particular sentence is appropriate, but we are not authorized to award clemency. *United States v. Lacy*, 50 M.J. 286, 287-88 (C.A.A.F. 1999); *United States v. Nerad*, 69 M.J. 138, 148 (C.A.A.F. 2010); *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988).

Service Courts of Criminal Appeals "engage in sentence comparison with specific cases '. . . in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *Lacy*, 50 M.J. at 288 (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)). Appellant bears the burden of proving: (1) the cases are "closely related;" and (2) the sentences are "highly disparate." *Id.* If appellant meets both prongs, the burden shifts to the government to show a rational basis for the disparity. *Id.* "Closely related" cases include those which pertain to "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *Id.* Whether a sentence is "highly disparate" is determined by comparison of the adjudged sentences taking into account "the disparity in relation to the potential maximum punishment." *Id.* at 289; *see also United States v. Roach*, 69 M.J. 17, 21 (C.A.A.F. 2010).

Turning to this case, we take judicial notice of the promulgating orders for each of appellant's co-accused's trials.[1] We have also examined their records of trial. Appellant, PFC Banks, PFC Perkins, and PVT Miskiewicz all engaged in sexual conduct with the same victim who was intoxicated to some level while in each other's view and presence. All four were initially charged with conspiracy to commit aggravated sexual assault, aggravated sexual assault, and abusive sexual contact in addition to indecent acts based on the same incident. On the basis of this review, we find appellant has met his burden of proving his coactors' cases are "closely related."

In assessing whether appellant has met his burden to show his sentence is "highly disparate" in comparison with the sentences of his three co-accused, we note all four were tried by general court-martial for similar offenses and all four faced a dishonorable discharge, but only appellant was sentenced to one. Under these facts, we assume appellant has met his burden to show his sentence is highly disparate.

---

[1] General Court-Martial Order Number 44, Headquarters, Fort Stewart, Georgia, dated 23 September 2013 (Private E-1 Nicholas Miszkiewicz); General Court-Martial Order Number 15, Headquarters, 3rd Infantry Division and Fort Stewart, Georgia, dated 12 March 2013 (Private First Class James Banks); General Court-Martial Order Number 25, Headquarters, Fort Stewart, Georgia, dated 9 May 2013 (Private First Class Stephen A. Perkins).

GREGG—ARMY 20121119

Finding the offenses closely related and assuming the sentences are highly disparate, we nonetheless hold the government has demonstrated a rational basis to justify the differences in the relevant sentences. While all accused were convicted of indecent acts, only appellant was convicted of the serious offenses of conspiracy to commit aggravated sexual assault, aggravated sexual assault, and two specifications of abusive sexual contact. That the fact finders in the trials of appellant's co-accused harbored reasonable doubt as to the conspiracy, aggravated sexual assault, and abusive sexual contact offenses provides no basis to impeach the findings or sentence in appellant's case. *See United States v. Garcia*, 16 M.J. 52 (C.M.A. 1983).[2] Furthermore, after the judge merged several of appellant's convictions for sentencing, appellant faced a maximum sentence of, *inter alia*, 60 years confinement and a dishonorable discharge in comparison to his co-accused, who faced a maximum of, *inter alia*, 5 years confinement and a dishonorable discharge. *See Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶¶ 5.e, 45.f.(2), (5), (6).[3] We find appellant's sentence appropriate and not excessively severe for the offenses of which he was convicted. *See* UCMJ art. 66(c). As such, any reduction of appellant's sentence imposed by this court would be an unauthorized exercise of clemency. *See Nerad*, 69 M.J. at 148.

**CONCLUSION**

The findings of guilty and the sentence are AFFIRMED.

Judge KRAUSS and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] Appellant argues the result of his trial would have been the same as that of his co-accused had he been tried by the same military judge who tried them. This argument is specious as we conclude the findings in appellant's case are legally and factually sufficient. *See generally United States v. Norman*, 74 M.J. 144, 151 (C.A.A.F. 2015) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

[3] Private First Class Banks faced a maximum confinement of five years and four months for his additional conviction of the simple disorder under Article 134, UCMJ. *See generally United States v. Beaty*, 70 M.J. 39, 45 (C.A.A.F. 2011).

5