# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Senior Airman JOSHUA D. RAMOS
### United States Air Force

### ACM 38619

### 31 August 2015

Sentence adjudged 15 May 2014 by GCM convened at Hill Air Force Base, Utah. Military Judge: Grant L. Kratz (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 26 months, and reduction E-1.

Appellate Counsel for the Appellant: Lieutenant Colonel Joy L. Primoli.

Appellate Counsel for the United States: Major Meredith L. Steer and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

HECKER, Senior Judge:

Consistent with his pleas, the appellant was convicted at a general court-martial, consisting of a military judge sitting alone, of possessing and viewing child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The military judge sentenced him to a dishonorable discharge, confinement for 26 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

On appeal, the appellant contends (1) his guilty pleas were improvident, (2) his trial defense counsel was ineffective, (3) the specifications are multiplicious, (4) the

military judge erred in determining the maximum sentence, and (5) the findings and sentence should be set aside due to cumulative error. We disagree and affirm.

*Background*

In November 2012, a state detective using a monitoring system discovered a certain internet protocol address had accessed child pornography files on a peer-to-peer network on multiple occasions between May and August 2011. After state law enforcement agents learned that address was assigned to the appellant, a detective observed the address sharing several files having names associated with child pornography. Using the unique numeric identifiers of these files, the detective looked at identical files in a law enforcement database of known child pornography and confirmed both files contained naked young females engaging in sexually explicit conduct.

An external hard drive was seized from the appellant's on-base residence pursuant to a search authorization. A forensic examination recovered 215 file names containing terms commonly associated with child pornography. These file names did not have any actual files or images associated with them as the corresponding files had been deleted sometime after the files were placed on the hard drive but before the hard drive was seized.

*Providency of Guilty Pleas*

The appellant was charged with possessing and viewing child pornography. The military judge defined "sexually explicit conduct," "lascivious" and "visual depiction" for the appellant as part of the providence inquiry. When asked about the possession, the appellant said he knowingly downloaded child pornography onto his personal computer during the charged time frame, and kept the images on the computer for a short period of time. He used the peer-to-peer network to search for this material by using search terms selected to find it. He knew the images were child pornography because they depicted people clearly under the age of 18 engaged in sexually explicit conduct or whose genital areas were lasciviously exhibited. The children were aged from preteen to just under 18 years old. The appellant admitting possessing and viewing "more than just a few" such images. He was only able to describe one—a girl aged 11-12 who was touching the genitals of an adult man—but admitted the others contained similar content.

Based on a stipulation of fact and the providence inquiry, the military judge accepted the appellant's guilty plea and found him guilty of both possessing and viewing child pornography. The appellant now contends his plea became improvident based on evidence and argument that arose during the sentencing phase of his trial.

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). Pleas of guilty should not be set aside on appeal unless "something in the record of trial, with

regard to the factual basis or the law, . . . raise[s] a substantial question regarding the appellant's guilty plea." *Id.* "If an accused 'sets up matter inconsistent with the plea' at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea." *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996) (quoting Article 45(a), UCMJ, 10 U.S.C. § 845(a)); *see* Rule for Courts-Martial (R.C.M.) 910(h)(2). "Once a military judge has accepted a plea as provident and has entered findings based on it, an appellate court will not reverse that finding and reject the plea unless it finds a substantial conflict between the plea and the accused's statements or other evidence on the record." *Garcia*, 44 M.J. at 498. "A 'mere possibility' of such a conflict is not a sufficient basis to overturn the trial results." *Id.* (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991).

During the sentencing phase, the government entered a compact disc into evidence containing two video recordings, a photograph, a cartoon, and 86 small thumbnail images (smaller versions of graphic images that were on the computer at a prior time). In his sentencing argument, the trial defense counsel stated:

> And then there's [sic]a couple of videos that have been deleted. And when you look at the videos, sir, obviously you have to use your discretion as to the vulgarity or gravity of the images and of the videos and decide whether or not all of it is even child pornography. Because some of it, frankly, may not be . . . . And he's pled guilty and he admits that he saw and possessed various images of child pornography. But everything you're provided with all those images and those videos that's not necessarily all child pornography. That's just all they found on his computer.

The defense counsel also referenced the 215 file names found on the appellant's computer and noted that, despite their vulgar language, there were no files associated with them and, as the parties had stipulated, files are often purposefully misnamed by individuals who place them on the Internet. He also noted the appellant had deleted the images which left behind the thumbnail images found on the appellant's computer.

The appellant contends these statements, as well as the nature of the items[1] found on the compact disc, raise a substantial question regarding the appellant's guilty plea which required the military judge to either reopen the providence inquiry or reject the plea. We disagree.

---

[1] The appellant notes that (1) one of the video recordings is of an adult woman while the other is of the genital area of a female whose age is undiscernible; (2) the photograph is of two young girls in bathing suits and neither child is engaged in sexually explicit conduct or posed in a lascivious manner; (3) the cartoon is a drawing of an apparently female creature with no genitals exhibited; and (4) the 86 thumbnail images are too small for a viewer to ascertain their contents.

As the appellant acknowledges, his guilty plea was clearly provident following the inquiry conducted by the military judge. After the definitions of the terms were clearly explained to him, he admitted looking for and then viewing and possessing more than one visual depiction of minors engaging in sexually explicit conduct.. He acknowledged these images were designed to excite sexual desires and did not depict art or the beauty of the human body. Based on his words alone, the appellant is guilty of knowingly and wrongfully viewing and possessing child pornography.

The compact disc submitted into evidence by the government during sentencing was not presented as evidence of the child pornography images the appellant had possessed and viewed and, as such, did not put matter into the record that was inconsistent with the appellant's plea. Although some of the items on the disc appear to have minimal relevance to the charges in this case, we note the defense did not object to their admission at trial, instead choosing to point out their minimal probative value to the military judge during the defense sentencing argument. To the extent that possession of some of those items may not be criminal, we note this was a judge-alone trial and the military judge was required to sort through the sentencing evidence and give it the weight, if any, warranted. *United States v. Manns*, 54 M.J. 164, 167 (C.A.A.F. 2000). Furthermore, a military judge is "presumed to know the law and to follow it absent clear evidence to the contrary." *UnitedStatesv.Erickson*,65 M.J. 221, 225 (C.A.A.F. 2007).

We find no abuse of discretion in the military judge's decision not to reopen the guilty plea inquiry after the sentencing argument and his review of the compact disc, as neither brought forward matter inconsistent with the guilty plea. There is no substantial conflict between the plea and the evidence in the record and we decline to reverse the military judge's determination that the plea was provident.

*Ineffective Assistance of Counsel*

The appellant argues he received ineffective assistance of counsel, claiming his trial defense counsel failed to (1) advise him that some of the images found on his computer were constitutionally protected, (2) object to the constitutionally protected images found on the compact disc entered into evidence in sentencing, (3) advise him that his confession may have been obtained in violation of Article 31, UCMJ, 10 U.S.C. § 831, and could have been suppressed at trial, and (4) request a forensic psychologist to develop matters in mitigation for use at sentencing.[2]

---

[2] The appellant also contends that, to his knowledge, the defense counsel failed to (1) review the computer images himself to ensure they were contraband and (2) retain a computer forensic expert to conduct an independent review of the evidence. The defense counsel's affidavit demonstrates this knowledge of the appellant was incorrect—the trial defense counsel reviewed the images himself and retained, at government expense, a forensic expert to review the evidence for the defense.

The Sixth Amendment[3] guarantees the accused the "right to the effective assistance of counsel." *United States v. Cronic*, 466 U.S. 648, 654 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). We review such claims de novo under the standards and two-prong test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010); *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009). "In order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) this deficiency resulted in prejudice." *Green*, 68 M.J. at 361.

In the guilty plea context, the second prong is modified to focus on whether the "ineffective performance affected the outcome of the plea process." *United States v. Bradley*, 71 M.J. 13, 16 (C.A.A.F. 2011) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Id.* at 16–17 (quoting *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)). The appellant must satisfy an objective inquiry—he must show that if he had been advised properly, then it would have been rational for him not to plead guilty. *Id.* at 17.

Neither through his affidavit nor his brief, has the appellant demonstrated a reasonable probability he would have pled not guilty had his counsel advised him about these issues in advance of his trial. Instead, his affidavit states he "would not have pled guilty without first thoroughly exploring those options for relief." Furthermore, as discussed below, the appellant has not convinced us it would have been rational for him to plead not guilty.

Possession of some of the images found on the disc entered into evidence by the government during sentencing does not appear to be criminal and such possession may have been constitutionally-protected. The appellant contends his defense counsel was ineffective for failing to inform him of this and for failing to object to the government's sentencing evidence. The defense counsel's affidavit acknowledges his awareness that some of these images did not constitute actionable child pornography, but also explains that he expressly chose not to object to the exhibit so he could instead argue that the government was over-reaching in its sentencing case and so the defense could continue with its theme of accepting responsibility. We find the decision to not object was a reasonable tactical decision and we decline to second-guess it. *See United States v. Morgan*, 37 M.J. 407, 409–10 (C.M.A. 1993). The defense counsel also indicates that he discussed this strategy with the appellant and that he and the appellant talked about the

---

[3] U.S. CONST. amend. VI.

nature of the images on multiple occasions. We find the appellant's contrary claim to be improbable, as compellingly demonstrated by the appellate filings and record as a whole, apart from the conflicting affidavits. *United States v. Fagan*, 59 M.J. 238, 243 (C.A.A.F. 2004); *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F 1997). It was clear from the appellant's providence inquiry that he already understood the difference between child pornography and images that were not illegal to possess.

The appellant also contends his defense counsel never advised him that his Article 31, UCMJ, rights may have been violated and that he could move to have his confession suppressed on those grounds. "[W]hen a claim of ineffective assistance of counsel is premised on counsel's failure to make a motion to suppress evidence, an appellant must show that there is a reasonable probability that such a motion would have been meritorious." *United States v. McConnell*, 55 M.J. 479, 482 (C.A.A.F. 2001); *see United States v. Jameson*, 65 M.J. 160, 164 (C.A.A.F. 2007) (equating "meritorious" with "successful"). The appellant was first read his rights under Article 31, UCMJ, when he was interviewed by investigators at his home. After some initial denials, the appellant admitted downloading and viewing child pornography. He was taken to the investigators' office, reminded of his rights, and again admitted to engaging in this conduct.[4] When it came time to document his actions in a written statement, the appellant asked the agents if having a lawyer would make it more likely that he could remain in the Air Force. The agents told him the decision was up to him. He elected to not request a lawyer and made a written statement. In his affidavit, the defense counsel states he considered raising a motion to suppress the appellant's confession to military investigators as there were several instances where he thought the appellant's rights may have been violated. After conducting extensive research, however, the trial defense counsel concluded the motion would likely have been denied. Based on the information within the record, we agree with his conclusion and find there is not a reasonable possibility such a motion would have been successful.

Lastly, the appellant contends his defense counsel failed to request an independent forensic psychologist to work with the defense in developing matters in mitigation, which would include information on the appellant being sexually abused as a child. The appellant is correct—the defense did not retain a forensic psychologist. However, the trial defense counsel's affidavit explains his decision to rely instead on the military psychologist who had been treating the appellant for over a year by the time of trial. With the assistance of the trial defense counsel, the psychologist submitted a detailed memorandum which covered the appellant's investment in the treatment process, his efforts to understand his maladaptive behaviors and his work to change his future behavior. The memorandum contained an extensive discussion of the sexual abuse the appellant suffered as a child and how his background played a role in the appellant's actions with child pornography. The psychologist concluded the appellant had made

---

[4] These statements to investigators were recorded.

improvements during treatment and opined that he would be able to maintain and build upon those gains in the future. In his affidavit, the defense counsel explained his concern that requesting a defense expert would lead the government to request its own expert, who may then undercut the information provided by the treating psychologist. That is a sound strategic decision we will not second-guess on appeal. *See Morgan*, 37 M.J. at 409–10.

In sum, we find the trial defense counsel made reasonable strategic and tactical decisions to not object to the government's introduction of certain non-child pornography images during sentencing and to not retain a forensic psychologist to assist in developing a sentencing case. We find improbable the appellant's claim that his trial defense counsel did not inform him that some of the images found on his computer were not child pornography and may be constitutionally protected. We find the appellant has not demonstrated a reasonable probability that an Article 31, UCMJ, motion to suppress would have been successful if raised by his trial defense counsel. Also, we find the appellant has failed to meet his burden of demonstrating that, but for the trial defense counsel's alleged errors, there is a reasonable probability that he would have pled not guilty and that it would have been rational for him to do so.[5]

*Multiplicity*

The appellant alleges the specification of viewing child pornography is multiplicious with the possession of child pornography specification. He argues that he could not view child pornography unless he possessed it, and therefore to prove viewing, the Government necessarily had to prove possession. Relatedly, he asserts that possession of child pornography is a lesser included offense of viewing, as the elements of each offense are identical. He asks this court to dismiss the possession specification. Although possession and viewing of child pornography may, in some circumstances, be multiplicious offenses or lesser included offenses of each other, the facts of this case preclude such a conclusion here.

This court reviews multiplicity issues de novo. *United States v. Anderson*, 68 M.J. 378, 385 (C.A.A.F. 2010). Multiplicity, in violation of the Double Jeopardy Clause of the Constitution,[6] occurs when "a court, contrary to the intent of Congress, imposes multiple convictions and punishments under different statutes for the same act or

---

[5] Through his reply brief, the appellant also argues his trial defense counsel was ineffective for agreeing to a stipulation of fact when there was no pretrial agreement in the case, contending there was no benefit to him in choosing to do so and arguing it allowed the government to enter a list of file names into evidence. We disagree that advising the appellant to enter into this stipulation constituted ineffective assistance of counsel. Evidence of the file names found on the appellant's computer would have been admissible through the testimony of the forensic examiner, regardless of whether the information was in a stipulation of fact. It is not deficient performance for a trial defense counsel to stipulate to admissible evidence, especially when the defense is able to include helpful information in the stipulation (here, that the names of these files are often purposefully misnamed by individuals who place them on the Internet).

[6] U.S. CONST. amend. V.

course of conduct . . . ." *Id.* (quoting *United States v. Roderick*, 62 M.J. 425, 431 (C.A.A.F. 2006)) (emphasis omitted). Here, we find the appellant has not been convicted and punished twice for the same act or course of conduct.

The appellant pled guilty to possessing child pornography between October 2010 and February 2013. In discussing why he was guilty of possessing child pornography, the appellant said he knowingly downloaded child pornography during the charged time frame and held those items on his personal computer for a short amount of time. He acquired these images by conducting searches on peer-to-peer networks and doing mass downloads of the files found through those searches. The viewing specification covered a shorter time period—January 2012 to February 2013. For this specification, the appellant admitted viewing images of child pornography on multiple occasions during the time frame. He said he acquired these images using the same method as for the possession specification. He then viewed the files on his computer.

Thus, the appellant has admitted to possessing multiple images of child pornography between October 2010 and February 2013. He has also admitted to viewing some images of child pornography between January 2012 and February 2013. Notably, he did not admit to viewing any of the images he possessed prior to January 2012 and he did not admit to viewing all the images he possessed between January 2012 and February 2013. Under these circumstances, it would be inappropriate to dismiss the possession specification. It covers a longer time frame than the viewing specification and the appellant admitted to possessing child pornography outside the time frame when he admitted to viewing it. The appellant's viewing of the files required him to take an additional affirmative step beyond possessing the files—he elected to open some of the downloaded files so he could see their content.

*Maximum Sentence*

The appellant argues the military judge erred as a matter of law in calculating the maximum authorized sentence. The appellant was charged with viewing child pornography, defined as a visual depiction of a minor, or what appears to be a minor, engaging in sexually explicit conduct. At trial, the parties agreed the maximum sentence included 10 years confinement. The appellant now contends the maximum sentence is four months confinement and two-thirds pay per month for four months, citing to our superior court's decision in *United States v. Beaty*, 70 M.J. 39, 45 (C.A.A.F. 2011). We disagree.

The determination of the maximum authorized sentence is a question of law subject to de novo review. *Id.* at 41. In *Beaty*, our superior court examined the issue of the maximum punishment in a child pornography offense before Article 134, UCMJ, was amended to include a listed offense of child pornography. *Id.* At that time, a specification alleging an appellant "wrongfully and knowingly possess[ed] one or more

visual depictions of what appears to be a minor engaging in sexually explicit conduct" was not directly analogous to federal criminal statutes. *Beaty*, 70 M.J. at 40. Because the offense was not otherwise listed in the *MCM* and was not included in or closely related to any other offense in Part IV of the *MCM*, our superior court concluded the specification established only a simple disorder with a maximum sentence of 4 months confinement and forfeiture of two-thirds pay per month for 4 months. *Id.* at 45. *Beaty* was decided on 26 April 2011, and the offense in that court-martial occurred in 2008.

The President issued Executive Order 13593 on 13 December 2011, with its amendments taking effect 30 days later. Part IV of the *MCM* was amended to add Paragraph 68b (Child Pornography) as a listed offense under Article 134, UCMJ, for conduct occurring on or after 12 January 2012. *See MCM*, app. 23 at A23-22 (2012 ed.). The elements of the offense of possessing child pornography are (1) that the accused knowingly and wrongfully possessed child pornography and (2) that under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit to the armed forces. *See MCM,* Part IV, ¶ 68b.b.(1) (2012 ed.).

The text includes the following definitions or "explanations":

> (1) "Child Pornography" means material that contains either an obscene visual depiction of a minor engaging in sexually explicit conduct or a visual depiction of an actual minor engaging in sexually explicit conduct.
>
> (2) An accused may not be convicted of possessing, receiving, viewing, distributing, or producing child pornography if he was not aware that the images were of minors, *or what appeared to be minors*, engaged in sexually explicit conduct. Awareness may be inferred from circumstantial evidence such as the name of a computer file or folder, the name of the host website from which a visual depiction was viewed or received, search terms used, and the number of images possessed.

*MCM,* Part IV, ¶ 68b.c.(1) and (2) (2012 ed.) (emphasis added.).

Unlike the appellant in *Beaty*, the appellant here was charged with the enumerated Article 134, UCMJ, offense, which authorizes a maximum punishment of a dishonorable discharge, confinement for 10 years, forfeiture of all pay and allowances, and reduction to E-1. *MCM,* Part IV, ¶ 68b.e.(1). The appellant's reliance on the holding in *Beaty* is therefore misplaced.

We have also considered the appellant's argument regarding the absence of the language "what appears to be a minor" from the definition of child pornography in the *Manual*, Part IV, ¶ 68b.c.(1), and find it unpersuasive given the further language set forth in ¶ 68b.c.(2), which further explains the level of awareness an accused must have to warrant conviction. In that section, it is clear the accused must be aware "that the images were of minors, *or what appeared to be minors*" engaging in sexually explicit conduct, as further defined. *MCM,* Part IV, ¶ 68b.c.(2) (emphasis added). In sum, the military judge properly calculated the maximum punishment.

### *Cumulative Error*

Under the cumulative error doctrine, "a number of errors, no one perhaps sufficient to merit reversal, in combination necessitate the disapproval of a finding." *United States v. Banks*, 36 M.J. 150, 170–71 (C.M.A. 1992). We will reverse only if we find the cumulative errors denied the appellant a fair trial. *Id.* at 171. In this case, none of the alleged errors materially prejudiced the appellant's substantial rights. Under these circumstances, the appellant was not denied a fair trial.

### *Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38619