Judge RYAN delivered the opinion of the Court.
Pursuant to his plea, Appellant was convicted by a military judge sitting as a general court-martial on a single specification charged under clauses 1 and 2 of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006). The specification charged that Appellant:
did, at or near Hurlburt Field, Florida, between on or about 12 May 2008 and on or about 22 July 2008, on divers occasions, wrongfully and knowingly possess one or more visual depictions of what appears to be a minor engaging in sexually explicit conduct, which conduct was prejudicial to good order and discipline or of a nature to bring discredit upon the Armed Forces.
Appellant was sentenced to a reduction in grade to E-l, confinement for ten months, and a bad-conduct discharge. The convening authority approved the adjudged sentence, and the Air Force Court of Criminal Appeals (CCA) affirmed. United States v. Beaty, 2010 CCA LEXIS 123, at *7, 2010 WL 4025786, at *2 (A.F.Ct.Crim.App. Mar. 25, 2010). We granted review on the following issue:
WHETHER THE SENTENCE MUST BE SET ASIDE BECAUSE THE MILITARY JUDGE DETERMINED THE SENTENCE BASED ON THE INCORRECT MAXIMUM PUNISHMENT.
United States v. Beaty, 69 M.J. 199 (C.A.A.F.2010) (order granting review).
Unlike the specification and charge in United States v. Leonard, 64 M.J. 381 (C.A.A.F.2007), the specification in this case charged that Appellant possessed “what appears to be” child pornography. The military judge calculated a maximum punishment of ten years of confinement by reference to 18 U.S.C. § 2252 (2006), which criminalizes possession of images involving the “use of a minor engaging in sexually explicit conduct.” § 2252(a)(4)(B).[1] The CCA held that a maximum punishment of ten years of confinement was appropriate by reference to the Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. § 2252A (2006), which was amended to excise the “appears to be” language in light of the Supreme Court’s decision in Ashcroft v. Free Speech Coalition, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), see PROTECT Act, Pub.L. No. 108-21, tit. V, § 502(a)(1), 117 Stat. 650 (2003), and criminalizes only possession of an image that is or is “indistinguishable from”[2] a minor engaging *41 in sexually explicit conduct.[3] See 18 U.S.C. § 2256(8)(B) (2006). Thus, in contrast to Leonard, the charge and specification here does not “include the conduct and mens rea proscribed by directly analogous federal criminal statutes.” 64 M.J. at 384.
I.
The facts relevant to the granted issue are few. After conducting the providence inquiry, the military judge asked trial counsel to calculate the maximum punishment. Relying on 18 U.S.C. § 2252, the federal statute that prohibits the knowing possession of any visual depiction of a minor engaging in sexually explicit conduct, and this Court’s decision in Leonard, trial counsel stated that the maximum punishment was “a dishonorable discharge, 10 years confinement, reduction to the rank of E-l, and total forfeitures.”
Defense counsel argued that because the charged specification contained the language “appears to be a minor,” it was not appropriate to look to 18 U.S.C. § 2252 for the maximum punishment because the federal statute only criminalizes visual depictions of actual minors. Instead, he argued that the charged specification “would be more akin [to] disorderly conduct where the maximum punishment would be four months and two-thirds forfeitures.” The military judge agreed with the Government but gave Appellant an opportunity to withdraw his guilty plea — an opportunity Appellant declined.[4]
The military judge, for sentencing purposes, sua sponte purported to excise the “appears to be” language from this specification as surplusage and then summarily equated the judicially modified offense with a violation of 18 U.S.C. § 2252.[5] The military judge proceeded to find Appellant guilty of the specification and the charge, and sentenced him to be reduced to the grade of E-1, to be confined for ten months, and to receive a bad-conduct discharge.
II.
The maximum punishment authorized for an offense is a question of law, which we review de novo. See United States v. Ronghi, 60 M.J. 83, 84-85 (C.A.A.F.2004); United States v. Ingham, 42 M.J. 218, 229-30 (C.A.A.F.1995). While we review a military judge’s sentencing determination under an abuse of discretion standard, see Leonard, 64 M.J. at 383-84, where a military judge’s decision was influenced by an erroneous view of the law, that decision constitutes an abuse of discretion. See United States v. Cowgill, 68 M.J. 388, 390 (C.A.A.F.2010).
This Court has repeatedly held that possession of child pornography, whether actual or virtual, may constitutionally be prosecuted under clauses 1 and 2, Article 134, UCMJ. United States v. Brisbane, 63 M.J. 106, 116-17 (C.A.A.F.2006); United States v. Mason, 60 M.J. 15, 20 (C.A.A.F.2004); see also United States v. Forney, 67 M.J. 271, 274-75 (C.A.A.F.2009). This, however, does not answer the separate question of what the *42 maximum authorized punishment is in this particular case.
Article 134, UCMJ, provides:
Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses not capital, of which persons subject to this chapter may be guilty, shall be taken cognizance of by a general, special, or summary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court.
Emphasis added. However, Article 56, UCMJ, 10 U.S.C. § 856, further provides:
§ 856. Art. 56. Maximum limits
The punishment which a court-martial may direct for an offense may not exceed such limits as the President may prescribe for that offense.
R.C.M. 1003(e), promulgated by the President, provides the relevant guidance on those limits. Where an offense is listed in the MCM, Part IV, the maximum punishment is set forth therein and sets the maximum limits for authorized punishment. R.C.M. 1003(e)(l)(A)(i). The parties agree that possession of either child pornography or what appears to be child pornography is not a listed offense.[6]
For offenses not listed in Part IV, the maximum punishment depends on whether or not the offense is included in or closely related to a listed offense.[7] R.C.M. 1003(c)(1)(B). We already determined in Leonard that possession of child pornography is not included in, or closely related to, a listed offense. 64 M.J. at 383. Similarly, neither is possession of what appears to be child pornography. Therefore, R.C.M. 1003(c)(l)(B)(ii) governs the maximum punishment in this case, and provides:
Not included or related offenses. An offense not listed in Part IV and not included in or closely related to any offense listed therein is punishable as authorized by the United States Code, or as authorized by the custom of the service.
First, we disagree that Leonard resolves the maximum sentence in this case. In Leonard, the specification alleged every element of the act prohibited by the United States Code, 18 U.S.C. § 2252(a)(2). Leonard, 64 M.J. at 383 (recognizing that a question exists under R.C.M. 1003(c)(l)(B)(ii) whether possession of child pornography without an interstate nexus as charged under Article 134, UCMJ, is punishable under 18 U.S.C. § 2252(a)(2)). We therefore determined that there was no abuse of discretion in setting the maximum punishment for a specification and charge of possession of visual depictions of minors engaging in sexually explicit activity by reference to the maximum punishment authorized by 18 U.S.C. § 2252(a)(2), (b)(1):
*43 We have looked before at the maximum sentence for offenses charged under clauses 1 or 2 of Article 134, UCMJ, that include the conduct and mens rea proscribed by directly analogous federal criminal statutes. In doing so, we focused on whether the offense as charged is “essentially the same,” as that proscribed by the federal statute. United States v. Jackson, 17 C.M.A. 580, 583, 38 C.M.R. 378, 381 (1968); see also United States v. Williams, 17 M.J. 207, 216-17 (C.M.A.1984) (upholding sentence for kidnapping under clauses 1 or 2 by referencing the maximum sentence for a violation of the federal kidnapping statute). The military judge did not err by referencing a directly analogous federal statute to identify the maximum punishment in this case, when every element of the federal crime, except the jurisdictional element, was included in the specification.
Id. at 384 (emphases added).
In this case, Appellant was charged with, pleaded guilty to, and was found guilty of possessing “one or more visual depictions of what appears to be a minor engaging in sexually explicit activity.” (Emphasis added.) This is not the conduct proscribed by the federal statute referenced by trial counsel and the military judge. The United States Code does not criminalize possession of “what appears to be” child pornography. In fact, while such possession was criminal under a prior version of 18 U.S.C. § 2252A, that statute was amended to remove reference to such conduct. PROTECT Act, Pub.L. No. 108-21, § 502(a)(1), 117 Stat. 650 (replacing the CPPA’s broad proscription of any image that “appears to be” of a minor engaging in sexually explicit conduct with the narrower prohibition of any image that is “indistinguishable from” a minor, and further defining “indistinguishable” by specifying that an ordinary person would conclude that the depiction is of an actual minor and excluding depictions that are drawings, cartoons, sculptures, or paintings).
The Government nonetheless argues that possession of “what appears to be” child pornography is the “same criminal conduct” as that proscribed in the CPPA. We disagree, as this argument ignores three salient points.
First, in arriving at the maximum authorized sentence, the military judge relied upon 18 U.S.C. § 2252(a)(4)(B), which criminalizes possession of a “visual depiction” if “(i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct.” Such depictions must involve actual minors. See 18 U.S.C. § 2256(1) (defining “minor” as “any person under the age of eighteen years”). Unlike § 2252A, § 2252(a)(4)(B) does not authorize punishment for possession of images that are “indistinguishable” from images of minors engaging in sexually explicit conduct. Accordingly, our holding that the maximum sentence for possession of “what appears to be” child pornography cannot be determined with reference to § 2252A applies a fortiori to § 2252(a)(4)(B), which references neither “appears to be” nor “indistinguishable,” but requires “a minor.”
Second, the prior version of § 2252A proscribed possession of any depiction that “is, or appears to be, of a minor engaging in sexually explicit conduct.” 18 U.S.C. § 2256(8)(B) (2000), amended by PROTECT Act, Pub.L. No. 108-21, § 502(a)(1), 117 Stat. 650. This disjunctive construct illustrates that actual and apparent child pornography were never considered to be the same by Congress. CPPA, Pub.L. No. 104-208, § 121(1), 1996 U.S.C.C.A.N. (110 Stat.) 3009-26, 3009-27 (distinguishing in the congressional findings between the various rationales for prohibiting sexually explicit images of “actual children” and those visual depictions that merely “appear to be children”); see also Reiter v. Sonotone Corp., 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979) (“Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise; here it does not.”); Flora v. United States, 362 U.S. 145, 149, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (holding that the word “or” suggests a disjunctive, rather than a conjunctive, reading).
*44 Finally, the Supreme Court in Ashcroft specifically held that § 2252A was unconstitutionally overbroad to the extent it prohibited the possession of what “appears to be,” rather than actual, child pornography. 535 U.S. at 256, 122 S.Ct. 1389; see also United States v. O’Connor, 58 M.J. 450 (C.A.A.F.2003). In response, Congress passed the PROTECT Act, which, inter alia, removed the “appears to be” language from the statute. H.R.Rep. No. 108-66, at 60-61 (2003) (Conf. Rep.), reprinted in 2003 U.S.C.C.A.N. 683, 695-96.
To reiterate, we do not hold that Ashcroft renders Appellant’s specification unconstitutional. Rather, we hold that it was error for the military judge to reference the punishment for 18 U.S.C. § 2252 and error for the CCA to reference the punishment for the amended 18 U.S.C. § 2252A to determine the maximum punishment in this case, because under neither statute is the offense with which Appellant was charged punishable at all. An offense comprised of acts that cannot be criminally charged under the United States Code at all is neither “directly analogous” nor “essentially the same” as one that can be. In sum, while the Government can charge an offense of possession of what appears to be child pornography under Article 134, UCMJ, the maximum punishment under the United States Code for possession of what “appears to be” child pornography is, in fact, no punishment at all. It was error as a matter of law to utilize the punishment authorized for a violation of the CPPA when setting the maximum punishment in this case.[8]
III.
The Government posits that even if it was error to arrive at the maximum punishment by reference to the CPPA, it did not prejudice the substantial rights of the accused because, in the absence of a presidential limitation on the punishment for the offense, the military judge was free to award any and all punishment up to the jurisdictional limits of a noncapital general court-martial — namely, life without parole. See Article 18, UCMJ, 10 U.S.C. § 818 (2006). We disagree that there is no limitation upon the maximum punishment for the offense of possessing “what appears to be” child pornography.
Because Appellant’s offense is (1) not listed in the MCM, (2) not included in or closely related to any other offense listed in Part IV of the MCM, and (3) not provided for in the United States Code, the maximum punishment is that “authorized by the custom of the service.” See R.C.M. 1003(c)(1)(B)(ii). As in Leonard, we are unaware of any “custom of the service” specific to Appellant’s offense, see 64 M.J. at 383. In our view this cannot mean that Article 134, UCMJ, can be read to mean that the maximum sentence is the jurisdictional maximum of a general court-martial — life without parole. See Article 18, UCMJ. Permitting “discretion of that court” to include a maximum punishment of life without parole under these circumstances would violate the rule of lenity by permitting the imposition of greater punishment for the possession of what “appears to be” child pornography, an action which Congress now deems, in accord with Supreme Court precedent, not criminal, than Congress saw fit to impose for the possession of actual child pornography. See United States v. Thomas, 65 M.J. 132, 135 (C.A.A.F.2007) (noting that this *45 Court has “long adhered to the principle that criminal statutes are to be strictly construed, and any ambiguity resolved in favor of the accused ... [when] the legislative intent is ambiguous, we resolve the ambiguity in favor of the accused.”) (citation omitted).
Rather, when confronted with Article 134, UCMJ, offenses not specifically listed, that are not closely related to or included in a listed offense, that do not describe acts that are criminal under the United States Code, and where there is no maximum punishment “authorized by the custom of the service,” they are punishable as “general” or “simple” disorders, with a maximum sentence of four months of confinement and forfeiture of two-thirds pay per month for four months. See, e.g., United States v. Melville, 8 C.M.A. 597, 600-02, 25 C.M.R. 101, 104-06 (1958) (holding that the then-unlisted offense of wrongful cohabitation was a general disorder not “closely related” to the offense of adultery, and that therefore the maximum legal sentence was the four months’ confinement authorized for general disorders instead of the one-year penalty imposed for adultery); United States v. Oakley, 7 C.M.A. 733, 736, 23 C.M.R. 197, 200 (1957) (holding that the unlisted offense of solicitation of another to administer poison is a separate substantive offense under Article 134, UCMJ, not closely related to the listed offenses of solicitation to desert or to commit mutiny, and is thus punishable only as a simple disorder with a maximum punishment of four months’ confinement and forfeiture of two-thirds pay for a like period); United States v. Blue, 3 C.M.A. 550, 552, 556, 13 C.M.R. 106, 108, 112 (1953) (holding that although the MCM sets out a maximum punishment of three years of confinement for the listed Article 134, UCMJ, offense of making, selling, or possessing official documents with intent to defraud, the mere wrongful possession of a false pass is a simple military disorder under Article 134, UCMJ, which carries a maximum sentence of four months); see also United States v. Sutter, 3 C.M.R. 809 (A.F.B.R.1952) (“The maximum punishment for the disorder ... not being listed in the Table of Maximum Punishments or included within an offense listed or closely related thereto, and not being otherwise fixed, may not exceed confinement at hard labor for four months and forfeitures of two-thirds pay per month for four months.”).
In line with this precedent, the maximum sentence for Appellant’s offense as charged is four months of confinement and forfeiture of two-thirds pay per month for four months— yet Appellant’s approved sentence included ten months confinement and a bad-conduct discharge. Because the imposed sentence exceeded the maximum lawful sentence, it materially prejudiced Appellant’s substantial rights. See United States v. Sanders, 67 M.J. 344, 345-46 (C.A.A.F.2009); Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2006).
IV.
The decision of the United States Air Force Court of Criminal Appeals is affirmed as to the findings, but is reversed as to the sentence. The sentence is set aside. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing on the sentence may be ordered.

. Although the military judge did not state which subsection of § 2252 he relied upon, the only conduct for which a ten-year maximum sentence is authorized under § 2252 is described in subsection (a)(4)(B). See § 2252(b)(2) (authorizing a ten-year maximum sentence for violations of subsection (a)(4)).

. A depiction is not "indistinguishable” unless "an ordinary person viewing the depiction would conclude that the depiction is of an actual minor engaged in sexually explicit conduct.” 18 U.S.C. § 2256(11) (2006). Moreover, the term "does not apply to depictions that are drawings, cartoons, sculptures, or paintings depicting minors or adults.” Id.. An image that simply "appears to be” child pornography, on the other hand, might be a Renaissance painting. See Ashcroft, 535 U.S. at 241, 122 S.Ct. 1389.

. Contrary to the suggestions by the dissent, United States v. Beaty, 70 M.J. at 45, 49 (C.A.A.F.2011) (Baker, J., dissenting), the words "indistinguishable from” appear nowhere in the charge or specification in this case.

. The Government has not argued waiver. Moreover, while it is apparent from the stipulation of fact and the providence inquiry that Appellant’s conduct could have supported a specification alleging possession of visual depictions of minors engaging in sexual activity, and while the specification could have been amended by the agreement of the parties so as to eliminate the "appears to be" language, see Rule for Courts-Martial (R.C.M.) 603, that was not done here, and Appellant could only be convicted of what he was charged with. See United States v. Morton, 69 M.J. 12, 16 (C.A.A.F.2010) (recognizing that while "an accused may choose, with convening authority approval, to plead guilty to any amended specification,” an appellate court may not “affirm guilt based on an offense with which the accused has not been charged”).

.Such unilateral action might constitute a prohibited substantial change to the charge, see generally R.C.M. 603(d), or otherwise conflict with this Court's case law. See generally United States v. Hemingway, 36 M.J. 349, 352 (C.M.A.1993) (holding that punishment under the Manual for Courts-Martial, United States (MCM) is to be determined on the basis of the language of the specification). In any event, this purported change was not reflected in the promulgating order and so was, in effect, a nullity.

. The Department of Defense has proposed an amendment to the MCM that would make child pornography — including possessing, receiving, or viewing a visual depiction of "a minor, or what appears to be a minor” engaging in sexually explicit conduct — a listed offense under Article 134, UCMJ, but the President has not yet promulgated this proposed change. Manual for Courts-Martial, Proposed Amendments, 74 Fed.Reg. 47785, 47786 (proposed Sept. 17, 2009).

. The Government’s argument that it is entitled to the maximum punishment for a violation of the CPPA because the offense charged here is "closely related” to that offense in the United States Code is misplaced. As in Leonard, "[w)e observe that the 'closely related' language [in R.C.M. 1003(c)( 1 )(B)(i)] ... refers to offenses that are closely related to offenses listed in the MCM," 64 M.J. at 383—not offenses in the United States Code, such as 18 U.S.C. § 2252A. R.C.M. 1003(c)(l)(B)(ii) permits punishment for an offense "as authorized by the United States Code.” But cf. United States v. Blevens, 18 C.M.R. 104 (C.M.A.1955) (upholding the legality of an Article 134, UCMJ, sentence imposed with reference to the federal Smith Act, 18 U.S.C. § 2385, which the Court held provided "an appropriate frame of reference for judging the seriousness of the offense charged, and for measuring the punishment,” because the "evil against which the Smith Act protects is essentially the same as the evil inherent in the accused’s conduct” without accounting for the different mens rea between the offense charged and the mens rea required by the Smith Act). Insofar as Ble-vens can be read to import the concept of "closely related” listed offenses under subparagraph (i) into the different standard chosen by the President in subparagraph (ii) with respect to federal offenses, it is at odds with both the text of R.C.M. 1003(c)(1)(B) and Leonard.

. The CCA nonetheless affirmed on the basis that tire language in the specification provided fair notice to Appellant that he was charged with possessing actual child pornography. Beaty, 2010 CCA LEXIS 123, at *5-*7, 2010 WL 4025786, at *2-*3. Accordingly, it concluded that the gravamen of the charged offense in this case, as in Leonard, was the same as that proscribed in 18 U.S.C. § 2252k. Id. In our view that conclusion is unwarranted in light of Congress’s different treatment of "is” and "appears to be” and the Supreme Court's decision in Ashcroft. It is well settled that it is the language of the specification that governs the maximum punishment, and that an accused can neither be convicted of nor punished for an offense with which he is not charged. See generally U.S. Const. amend. V; Hemingway, 36 M.J. at 352 (holding that the language of the specification controls the determination of maximum punishment); cf. also R.C.M. 918(a)(1) (providing that “[e]xceptions and substitutions [to a specification] may not be used to ... increase the seriousness of the offense or the maximum punishment *45 for it"); supra note 3 (citing Morton, 69 M.J. at 16).