BAKER, Chief Judge
(concurring in part and dissenting in part):
I agree with the majority that “[ujnder the terms of R.C.M. 903, Appellant made a knowing and voluntary election of trial by military judge alone.” United States v. St. Blanc, 70 M.J. 430 (C.A.A.F. 2012).
However, I respectfully dissent from Section II. D of the majority opinion as well as the result based on my dissent in United States v. Beaty, 70 M.J. 39, 45 (C.A.A.F.2011) (Baker, J., dissenting). In my view, a military violation of Article 134(1)(2), Uniform Code of Military Justice (UCMJ),[1] for possession of what “appears to be minors” engaging in sexually explicit conduct is directly analogous to the civilian offense of possessing any visual depiction “that is, or is indistinguishable from that of a minor engaging in sexually explicit conduct.” 18 U.S.C. § 2256(8)(B), (11) (2006). Therefore, the maximum punishment Appellant could face for possession of “what appears to be child pornography” was ten years with reference to the Child Pornography Prevention Act, 18 U.S.C. § 2252A (2006), rather than four months as a general disorder.

. 10 U.S.C. § 934 (2006).