*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

### UNITED STATES
Appellee

**v.**

### Nicholas E. BUSCH, Airman First Class

United States Air Force, Appellant

**No. 15-0477**
Crim. App. No. 38530

Argued October 7, 2015—Decided January 29, 2016

Military Judge: Matthew S. Ward

For Appellant: *Captain Luke D. Wilson* (argued); *Captain Michael A. Schrama* (on brief); *Major Thomas A. Smith.*

For Appellee: *Major Mary Ellen Payne* (argued); *Colonel Katherine E. Oler* and *Gerald R. Bruce*, Esq. (on brief).

Chief Judge ERDMANN delivered the opinion of the Court, in which Judge OHLSON and Judge DIAZ joined. Judge STUCKY filed a separate dissenting opinion, in which Judge RYAN joined.

———————

Chief Judge ERDMANN delivered the opinion of the Court.[1]

Pursuant to his pleas, Airman First Class Nicholas E. Busch was convicted at a judge-alone general court-martial of one specification of fraudulent enlistment, one specification of absence without leave, one specification of making a false official statement, and one specification of sexual abuse of a child, in violation of Articles 83, 86, 107, and 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 883, 886, 907, 920b (2012). The military judge sentenced Busch to a

---

[1] Judge Albert Diaz, of the United States Court of Appeals for the Fourth Circuit, sat by designation, pursuant to Article 142(f), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 942(f) (2012).

dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, and a reduction to E-1. The convening authority approved the sentence and the United States Air Force Court of Criminal Appeals (AFCCA) affirmed the findings and sentence. *United States v. Busch*, No. ACM 38530, 2015 CCA LEXIS 51, at *19, 2015 WL 894415, at *6 (A.F. Ct. Crim. App. Feb. 11, 2015) (unpublished).

"The Constitution forbids the passage of *ex post facto* laws, a category that includes [e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Peugh v. United States*, 133 S. Ct. 2072, 2077-78 (2013) (alteration in original) (internal quotation marks omitted) (citation omitted). In addition, where there is no punishment listed for an offense in Part IV of the *Manual for Courts-Martial, United States* (*MCM*), Rule for Courts-Martial (R.C.M.) 1003(c)(1)(B) establishes the procedures for determining the appropriate maximum sentence. We granted review of this case to determine: (1) whether the military judge violated the Ex Post Facto Clause of the Constitution when he determined the maximum punishment for the Article 120b(c), UCMJ, offense of sexual abuse of a child; and (2) whether the military judge erred when he held that the charged offense of sexual abuse of a child was "closely related" to the offense of indecent liberties with a child under R.C.M. 1003(c)(1)(B)(i) for purposes of determining the maximum sentence of sexual abuse of a child.[2] We hold that there was no violation of the Ex Post Facto Clause and that, although the military judge and AFCCA relied on an erroneous analysis of R.C.M. 1003(c)(1)(B), the correct analysis results in the same maximum sentence. Finding no prejudice from the error, we affirm the holding of the AFCCA as to the maximum sentence.

---

[2] We granted review of the following issue:

> At the time of Appellant's alleged sexual abuse of a child offense, the President had not set the maximum punishment for the offense. The military judge used a later-enacted executive order to set the maximum punishment, even though it increased the confinement range from one year to fifteen years. Was the Ex Post Facto Clause violated?

## Background

Busch's appeal is limited to the process utilized by the military judge to determine the maximum sentence for the Article 120b, UCMJ, offense of sexual abuse of a child. Busch admitted to maintaining an Internet relationship with a fifteen-year-old girl from early February until May of 2013. Initially the Internet relationship involved an exchange of text messages, but eventually became sexual in nature with Busch exposing his genitals and masturbating while the minor watched over Skype, an Internet video service. The government, however, charged Busch only with exposing his genitals to a child under the age of sixteen under Article 120b.

## Discussion

## The Ex Post Facto Clause

In June 2012, as part of a comprehensive revision of Article 120, Congress created Article 120b, to consolidate the previous offenses of aggravated sexual abuse of a child, aggravated sexual contact with a child, abusive sexual contact with a child, and indecent liberties with a child, into the single offense of sexual abuse of a child. *See MCM* Analysis of the Punitive Articles app. 23 at A23-16 (2012 ed.). The amendments to Article 120, took effect on June 28, 2012. *Id.* However, the President did not exercise his Article 56, UCMJ, 10 U.S.C. § 856 (2012), authority to establish the maximum punishment for the revised offenses until May 15, 2013, when Exec. Order No. 13,643 (2013), 78 Fed. Reg. 29559 (May 21, 2013), was signed and published. Busch's offense took place after the effective date of the 2012 amendments to Article 120, but before Exec. Order No. 13,643 was promulgated. During this period, Part IV of the *MCM* did not include sentence maximums for Article 120 offenses. *See MCM* pt. IV, para. 45b.a. Note (2012 ed.).

At trial, the military judge and trial defense counsel had the following colloquy as to the maximum sentence for the charged offense of sexual abuse of a child:

> MJ: Okay. And then with regard to Charge IV [sexual abuse of a child], what do you calculate the maximum at?

....

DC: A dishonorable discharge, sir, confinement for 1 year, and total forfeitures of pay and allowances.

MJ: Okay. So how do you get that number under Charge IV, given the President's direction that it carry a penalty of a dishonorable discharge, 15 years, and total forfeitures?

DC: Okay. Well, I believe that, you know, a maximum punishment has not been put into Article 120 under the 2012 amendment. May I have a moment, Your Honor?

[The defense team conferred.]

Your Honor, we're arguing that this is the appropriate punishment because it mirrors the language in the Article 120 from the 2007 to 2012 [sic] where it talks about indecent exposure, and that would be–

MJ: All right. What's your view of Executive Order [13,643] where the President has stated that the maximum punishment under paragraph 45b, Article 120b -- [R]ape and Sexual Assault of a Child -- is amended by inserting the following use of paragraph e:

e. Maximum Punishment: ….

> (3) Sexual Abuse of a Child:
>
> > (a) Cases involving sexual contact: dishonorable discharge, forfeiture of all pay and allowances, and confinement for 20 years.
> >
> > (b) Other cases: dishonorable discharge, forfeiture of all pay and allowances, and confinement for 15 years.

So it would appear under that executive order, paragraph e(3)(b): Other cases: dishonorable discharge, forfeiture of all pay and allowances, and confinement for 15 years would be applicable.

First set of brackets in original.

At that point defense counsel asked for a recess so that he could look into the maximum punishment issue. The military judge recessed for lunch to provide both parties time to research the issue. After the lunch recess, the military judge continued the discussion with the defense counsel as to the

appropriate maximum punishment for the offense of sexual abuse of a child. Defense counsel asserted that the most analogous maximum punishment would be the offense of indecent exposure under the old Article 120.[3]

The military judge noted that the intent required for indecent exposure was simply that the exposure be intentional. As the charged offense of sexual abuse of a child requires that the accused engage in a lewd act, the military judge further noted that a "lewd act" requires an intentional exposure of one's genitals with the intent to arouse or gratify the sexual desires of a person. Defense counsel conceded that the intent requirements between indecent exposure and sexual abuse of a child were different. The military judge then directed defense counsel's attention to the offense of indecent liberties with a child:

> MJ: Okay. So if you could, look at indecent liberty with a child, which is subparagraph (j). In the *MCM* it's Appendix 28-2. That paragraph states, "Any person subject to this chapter who engages in indecent liberty in the physical presence of a child with the intent to arouse, appeal to, or gratify the sexual desire of any person shall be punished as a court-martial may direct." So again the intent is the same.

> And then if you get down to the definition of an indecent liberty: "The term 'indecent liberty' means indecent conduct, but physical contact is not required. It includes one who with the requisite intent exposes one's genitalia, anus, buttocks, or female areola or nipple to a child. An indecent liberty may consist of communication of indecent language as long as the communication is made in the physical presence of the child."

> *So, again, it seems like indecent liberty under the prior statute is more applicable than indecent exposure, because, again, it covers the indecent exposure, but it narrows the focus to the child.*

---

[3] The maximum sentence for this offense was a dishonorable discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to E-1. *See MCM*, Maximum Punishment Chart app. 12 at A12-4 (2008 ed.).

> And with regard to your comment on physical presence, and again, I go to the current statute which indicates from the definition section for lewd act under paragraph (D): "Any indecent conduct, intentionally done with or in the presence of a child, including via any communication technology." So that seems to indicate, to the Court anyway. That under 120, the current 120, physical presence is also constructive physical presence so when done via communication technology. *So under that analysis, it would seem that the indecent liberties from the prior statute would be most applicable.*

> And the maximum punishment for indecent liberty of a child is a dishonorable discharge, forfeiture or all pay and allowances, and confinement for 15 years, which I believe tracks with the punishment under the President's executive order with regard to Article 120b for the conduct to which your client has pled guilty. So you don't have to agree or disagree with the court's analysis, but -- well, let me know if you disagree with it and the basis for it.

Emphasis added.

Before this court, Busch argues that the military judge relied on Exec. Order No. 13,643 to set the maximum punishment for the charged offense, based on his references to the executive order. Because Exec. Order No. 13,643 was promulgated after Busch's alleged act, Busch argues the military judge's use of Exec. Order No. 13,643 violated the prohibition against ex post facto laws.

The government responds that the Ex Post Facto Clause is not implicated in this case because the military judge did not rely on Exec. Order No. 13,643 to set the maximum punishment. Instead, the government argues that the military judge correctly determined the maximum punishment under R.C.M. 1003(c)(1)(B)(i), a rule in effect at the time Busch committed his misconduct.

We review questions of constitutional law de novo. *United States v. Castillo*, 74 M.J. 160, 165 (C.A.A.F. 2015). If a constitutional error is found, whether it is harmless beyond a reasonable doubt is also reviewed de novo. *United States v. Walker*, 57 M.J. 174, 178 (C.A.A.F. 2002). "An increase in the maximum sentence to confinement authorized for a crime would clearly be *ex post facto* legislation." *United*

*States v. Gorski*, 47 M.J. 370, 373 (C.A.A.F. 1997). An ex post facto law has been defined as one "that aggravates a crime, or makes it greater than it was, when committed." *United States v. McDonagh*, 14 M.J. 415, 419 (C.M.A. 1983) (emphasis omitted) (internal quotation marks omitted) (quoting *Calder v. Bull*, 3 U.S. 386 (1798)).

As reflected in the trial record, the military judge did reference Exec. Order No. 13,643 prior to the lunch break, and asked defense counsel why it would not be applicable to Busch's maximum sentence. However, after the lunch break, the military judge performed an analysis as to whether the offense of indecent exposure or the offense of indecent liberties with a child was the offense most "closely related" to the charged offense of sexual abuse of a child. This reflects an R.C.M. 1003(c)(1)(B) analysis, although the military judge did not reference that provision. Under that analysis, the military judge held that indecent liberties with a child would be "more applicable," because it focused on the victimization of a child while still encompassing the elements of indecent exposure.[4]

The AFCCA agreed that "[t]he military judge's decision was based on his conclusion that a closely related offense existed, which is the standard under R.C.M. 1003(c)(1)(B)(i). Because he did not base his decision on Executive Order 13,643, the [E]x [P]ost [F]acto [C]lause is not implicated." *Busch*, 2015 CCA LEXIS 51, at *17, 2015 WL 894415, at *6. Based on this court's review of the record, we conclude, like the AFCCA, that the record in this case reflects that the military judge did not rely on Exec. Order No. 13,643. Therefore, the Ex Post Facto Clause is not implicated in this case.

Further, this ruling is not inconsistent with the recent Supreme Court decision of *Peugh*. That case involved a trial judge who used Federal Sentencing Guidelines provisions that had been promulgated almost a decade after the defendant's criminal conduct to calculate a sentencing range of

---

[4] At the conclusion of his analysis the military judge noted that the maximum punishment for indecent liberties with a child "tracks" the punishment in the executive order for the new offense of sexual abuse of a child, but this reference reflects a comparison rather than a reliance.

seventy to eighty months. *Peugh,* 133 S. Ct. at 2078-79. However, under the Federal Sentencing Guidelines provisions in effect at the time of the crime, the defendant's sentencing range would have been thirty to thirty-seven months. *Id.* at 2078. The Supreme Court held that there was an ex post facto violation based on this "retrospective increase in the Guidelines range applicable to [the] defendant" because it created "a sufficient risk of a higher sentence." *Id.* at 2084. There is no similar "sufficient risk" in this case that Exec. Order No. 13,643 subjected Busch to a higher sentence because the military judge ultimately did not rely on this executive order. Therefore *Peugh* does not indicate that there is an ex post facto violation in this case.

## R.C.M. 1003(c)(1)(B)

Having held that the Ex Post Facto Clause was not violated, we turn to whether the military judge correctly applied R.C.M. 1003(c)(1)(B) in determining the maximum sentence for the offense of sexual abuse of a child. "The maximum punishment authorized for an offense is a question of law, which we review de novo." *United States v. Beaty*, 70 M.J. 39, 41 (C.A.A.F. 2011). "While [the court] review[s] a military judge's sentencing determination under an abuse of discretion standard, … where a military judge's decision was influenced by an erroneous view of the law, that decision constitutes an abuse of discretion." *Id.* (citation omitted).

When the maximum punishment of any court-martial offense is not listed in Part IV of the *MCM,* the maximum punishment is determined by R.C.M. 1003(c)(1)(B):[5]

> (B) *Offenses not listed [in] Part IV.*
>
>> (i) *Included or related offenses.* For an offense not listed in Part IV of this Manual which is in-

---

[5] While the offense of sexual abuse of a child was an offense contained in Part IV of the *MCM* at the time of the trial, the parties and the lower courts all treated the offense as not being listed in Part IV for purposes of R.C.M. 1003(c)(1)(B), since no punishment was listed for that offense in Part IV at the time of the trial. We see no reason to depart from that law of the case. *Busch*, 2015 CCA LEXIS 51, at *9, 2015 WL 894415, at *4.

cluded in or closely related to an offense listed
therein the maximum punishment shall be that of
the offense listed; however if an offense not listed is
included in a listed offense, and is closely related to
another or is equally closely related to two or more
listed offenses, the maximum punishment shall be
the same as the least severe of the listed offenses.

*(ii) Not included or related offenses.* An offense
not listed in Part IV and not included in or closely
related to any offense listed therein is punishable
as authorized by the United States Code, or as au-
thorized by the custom of the service.

Busch argues that under the facts of this case, the Article
120b, offense of sexual abuse of a child is "closely related"[6] to
the offense of indecent exposure. As such, the maximum au-
thorized punishment for the offense should have only in-
cluded one year of confinement under R.C.M.
1003(c)(1)(B)(i). Busch further argues that because sexual
abuse of a child does not require a physical presence of a
child while indecent liberties with a child does, the two of-
fenses are not "closely related."

At oral argument, Busch raised an alternative analysis of
this issue by arguing that when the UCMJ was amended in
2012, the offenses of indecent exposure and indecent liber-
ties with a child, which were in the 2008 edition of the
*MCM*, were repealed and were no longer "listed offenses" for
the comparison purposes of R.C.M. 1003(c)(1)(B)(i). As a re-
sult, Busch argues that R.C.M. 1003(c)(1)(B)(ii) controls as it
deals with charged offenses which are not listed in Part IV
and are not closely related to any offense listed in Part IV.
Relying on the "custom of the service" comparison in subsec-
tion (ii), Busch concludes that indecent exposure provides
the proper sentence maximum, as he alleges that it has been
charged for this type of conduct from the inception of the
UCMJ until 2002.

As noted above, the government contends that the mili-
tary judge correctly applied R.C.M. 1003(c)(1)(B)(i) in de-
termining that the offense of sexual abuse of a child is

---

[6] Both parties focused their R.C.M. 1003(c)(1)(B)(i) arguments
on the "closely related" criteria and neither relied upon the "in-
cluded in" criteria.

"closely related" to the offense of indecent liberties with a child under Article 120(j) of the 2008 edition of the *MCM,* which carries a maximum confinement of fifteen years. The government further contends that sexual abuse of a child is not "closely related" to the offense of indecent exposure because it does not capture the fact that Busch's misconduct was committed against a child. Finally, the government asserts in the alternative that, if Busch's misconduct was not considered "closely related" to any offense listed in Part IV of the *MCM*, it was punishable by the "custom of the service" in accordance with R.C.M. 1003(c)(1)(B)(ii). Under this analysis, the government argues that Busch's actions were encompassed by the long-existing offense of indecent acts with another, which has historically carried a maximum punishment of five years confinement.

<u>R.C.M. 1003(c)(1)(B)(ii): Offenses "Not Listed" in Part IV</u>

The military judge, the AFCCA, and the parties primarily relied on R.C.M. 1003(c)(1)(B)(i) as controlling authority for determining the proper maximum sentence for this case. However, that subsection requires that the charged offense be included in or closely related to "an offense listed [in Part IV]." *See* R.C.M. 1003(c)(1)(B)(i). At the time of the trial, neither indecent liberties with a child nor indecent exposure were offenses listed in Part IV for the purpose of sentencing. When the offense of indecent liberties with a child was subsumed into Article 120b, in the 2012 amendments to the *MCM*, Congress explicitly repealed the offense.[7] Once repealed, the former offense of indecent liberties with a child was removed from Part IV of the *MCM* and moved to Appendix 28. *See MCM*, Punitive Articles Applicable to Sexual Offenses Committed During the Period 1 October 2007 Through 27 June 2012, app. 28 at A28-2 (2012 ed.). Although the offense of indecent exposure was not repealed in 2012, it was moved to Article 120c, of the 2012 edition of the *MCM.* As a result of that move, it was not provided a maxi-

---

[7] *See* National Defense Authorization Act for Fiscal Year 2012, Pub. L. No. 112-81, § 541(a)(2), 125 Stat. 1298, 1405 (2011) ("Repeal of provisions relating to offenses replaced by new article 120b.--Subsections (b), (d), (f), (g), (i), (j) [indecent liberties with a child], and (o) are repealed.").

mum sentence until Exec. Order No. 13,643 was promulgated. *See MCM* pt. IV, para. 45.c Note (2012 ed.).

As neither indecent liberties with a child nor indecent exposure were offenses listed in Part IV for sentencing purposes at the time of the offense, the proper analysis for this case is found in R.C.M. 1003(c)(1)(B)(ii). That subsection addresses charged offenses which are not closely related to any offenses listed in Part IV and directs a comparison to offenses in "the United States Code, or as authorized by the custom of the service." As neither party argues that there are comparable offenses in the United States Code, we look to the "custom of the service."

The phrase "custom of the service" for purposes of determining a maximum punishment under R.C.M. 1003(c)(1)(B)(ii) is not defined in the *MCM*. However, Colonel William Winthrop explained "Usages or Customs of the Service" and stated that in determining which acts support particular offenses, "the court in deliberating upon its judgment (as also the commander in passing upon the same), will constantly recur to the *general usage of the service* as understood and acted upon by military men." William Winthrop, *Military Law and Precedents* 42 (2d ed., Government Printing Office 1920) (1895) (emphasis supplied). From this, and from a common sense perspective, we find that the "custom of the service," as used in R.C.M. 1003(c)(1)(B)(ii), simply means the penalty authorized for those offenses which have traditionally been used in the military justice system to charge service members under the same or similar factual circumstances. We therefore look to see how the military justice system has traditionally charged the factual circumstance of exposing one's genitals in the presence of minors.

The parties are correct that both indecent exposure and indecent acts or liberties with a child[8] have been used in the

---

[8] Indecent liberties with a child and indecent acts with a child "are alternative ways of committing the same military offense of committing indecent acts or taking indecent liberties with a child." *See, e.g., United States v. Neblock*, 45 M.J. 191, 192 (C.A.A.F. 1996) (internal quotation marks omitted ) (quoting *United States v. Brown*, 3 C.M.A. 454, 13 C.M.R. 10 (1953)). The *MCM* recognized "indecent acts with a child under the age of 16 years" as an

past as the basis for charges under these circumstances. Our research of cases with similar factual situations, from this court and the Courts of Criminal Appeals from 1951 to 2012, revealed that indecent acts or liberties with a child was charged in twenty-nine cases while indecent exposure was charged in nine cases. Taking into account the charging discretion of convening authorities, it appears that the "general usage of the service" has been to charge the offense of indecent liberties with a child under these factual circumstances.

Prior to 2008, the maximum period of confinement that could be imposed for indecent liberties with a child was seven years. However, in 2008, when the offense was moved from Article 134 to Article 120, the maximum sentence was increased to fifteen years of confinement. *Compare MCM* ch. XXV, para. 127c (1951 ed.), *with MCM*, Maximum Punishment Chart app. 12 at A12-4 (2008 ed.). The use of this fifteen-year maximum sentence for the past seven years is sufficient to create a custom of the service under R.C.M. 1003(c)(1)(B)(ii). Although the military judge and the AFCCA utilized the wrong analysis under R.C.M. 1003(c)(1)(B)(i), they reached the correct result.

## **Decision**

We affirm, on different grounds, the decision of the United States Air Force Court of Criminal Appeals.

---

offense since its inclusion in the 1951 edition of the *MCM*. *See MCM* ch. XXVIII, para. 213d(3) (1951 ed.).

Judge STUCKY, with whom Judge RYAN joins, dissenting.

We granted review to consider whether the military judge violated the Ex Post Facto Clause of the Constitution by considering an executive order issued after Appellant's offenses to determine the maximum punishment that could be adjudged. As the majority notes, "Busch's appeal is limited to the process utilized by the military judge to determine the maximum sentence." *United States v. Busch*, __ M.J. __, __ (3) (C.A.A.F. 2016). But the constitutional issue is a red herring. It does not matter for the purposes of this appeal what process the military judge used to reach his conclusion; it only matters whether he was correct in determining the maximum punishment for Appellant's offense, an analysis we must undertake under Rule for Courts-Martial (R.C.M.) 1003. The majority eventually concludes that the military judge reached the correct result: a dishonorable discharge and confinement for fifteen years. I disagree and, therefore, dissent.

In the past ten years, Congress has substantially rewritten and reorganized the sexual assault offenses in the Uniform Code of Military Justice (UCMJ), once in 2006[1] and again in 2011.[2] Appellant was convicted of sexual abuse of a child in 2013 under the 2011 version of Article 120b(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b(c) (2012).

During the plea inquiry, the military judge asked the parties for their views on the maximum authorized punishment. Appellant argued that the maximum punishment for the violation of Article 120b(c) was a dishonorable discharge and confinement for one year, but the military judge determined that it was a dishonorable discharge and confinement for fifteen years.

---

[1] National Defense Authorization Act for Fiscal Year 2006, Pub. L. No. 109-163, § 552, 119 Stat. 3136, 3256-63 (2006).

[2] National Defense Authorization Act for Fiscal Year 2012, Pub. L. No. 112-81, § 541, 125 Stat. 1298, 1404 (2011).

Article 120b(c) provides that, "[a]ny person subject to this chapter who commits a lewd act upon a child is guilty of sexual abuse of a child and shall be punished as a court-martial may direct." Nevertheless, as is the case for most offenses, the maximum punishment can "not exceed such limits as the President may prescribe for that offense." Article 56, UCMJ, 10 U.S.C. § 856 (2012).[3] Under his Article 56 authority, the President, in R.C.M. 1003(c), established rules for determining the maximum sentence for an offense:

(1) The maximum limits for each offense set forth in Part IV of the *Manual for Courts-Martial, United States* (*MCM*). R.C.M. 1003(c)(1)(A)(i).

(2) For offenses not specifically listed in Part IV:

(a) The maximum for an offense included in or closely related to an offense that is listed in Part IV is the maximum for the listed offense; "however if an offense not listed is … closely related to another or is equally closely related to two or more listed offenses, the maximum punishment shall be the same as the least severe of the listed offenses." R.C.M. 1003(c)(1)(B)(i).

(b) If not included or closely related to an offense listed in Part IV, the maximum is "as authorized by the United States Code, or as authorized by the custom of the service." R.C.M. 1003(c)(1)(B)(ii).

Offenses not specifically listed in Part IV

> that are not closely related to or included in a listed offense, that do not describe acts that are criminal under the United States Code, and where there is no maximum punishment "authorized by the custom of the service," they are punishable as "general" or "simple" disorders, with a maximum sentence of four months of confinement and forfeiture of two-thirds pay per month for four months.

*United States v. Beaty*, 70 M.J. 39, 45 (C.A.A.F. 2011). At the time of Appellant's offenses, the President had not yet set the maximum punishment for violations of Article 120b(c).

---

[3] Now Article 56(a), UCMJ. *See* National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, § 1705(a)(1), (2)(A), 127 Stat. 672, 959 (2013).

The parties to this appeal agree that the maximum punishment authorized for Appellant's offense is the maximum punishment authorized for a closely related offense listed under Part IV of the *MCM*.[4] *See* R.C.M. 1003(c)(1)(B)(i). The parties simply disagree as to the offense most closely related. Appellant alleges that the offense of sexual abuse of a child is most like indecent exposure, for which the maximum sentence to confinement is one year; the Government argues it is more akin to indecent liberty with a child, for which the maximum includes confinement for fifteen years.

The majority notes that the 2011 amendments to the UCMJ specifically repealed the offense of indecent acts with a child, moved the offense of indecent exposure to Article 120c, UCMJ, and that both offenses were removed from the list of offenses in Part IV of the *MCM*. Therefore, the majority concludes that the maximum punishment is calculated under R.C.M. 1003(c)(1)(B)(ii) based on the custom of the service. *Busch*, __ M.J. at __ (12–13). I disagree.

First, the majority implies that the repeal of the offense of indecent liberty extinguished the offense altogether. It does not, as is made clear by the general provision governing all federal statutes:

> The repeal of any statute shall not have the effect to release or extinguish any … liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such … liability.

1 U.S.C. § 109 (2012). Here the repealing act did not expressly provide for extinguishing the offense of indecent liberty with a child. *See* § 541, 125 Stat. at 1404. Thus, the offense still had the force of law for conduct committed before its repeal.

Second, Part IV of the *MCM* is part of an executive order, promulgated by the President under his Article 36(a),

---

[4] As an alternative, Appellant suggested at oral argument that the Air Force custom had been to prosecute Appellant's conduct as indecent exposure.

UCMJ, authority to prescribe pretrial, trial, and post-trial procedures for courts-martial. 10 U.S.C. § 836 (2012). The majority has not pointed to any executive order removing indecent liberty with a child and indecent exposure from Part IV of the *MCM*, nor have I been able to find one.[5] As both indecent liberty with a child and indecent exposure were still offenses under the UCMJ and the President had not withdrawn them from Part IV, the parties were correct to focus their arguments on R.C.M. 1003(c)(1)(B)(i).

Under R.C.M. 1003(c)(1)(B)(i), the maximum for Appellant's offense is the maximum for the most closely related offense listed in Part IV of the *MCM*. The statutory elements of the offense of sexual abuse of a child are:

(a) That the accused committed an act upon a child; and

(b) That the act was lewd.

> The term "lewd act" means—
>
> (A) any sexual contact with a child;
>
> (B) intentionally exposing one's genitalia, anus, buttocks, or female areola or nipple to a child by any means, *including via any communication technology*, with an intent to abuse, humiliate, or degrade any person, or to arouse or gratify the sexual desire of any person;
>
> (C) intentionally communicating indecent language to a child by any means, including via any communication technology, with an intent to abuse, humiliate, or degrade any person, or to arouse or gratify the sexual desire of any person; or
>
> (D) any indecent conduct, intentionally done with or in the presence of a child, including via any communication technology, that amounts to a form of immorality relating to sexual impurity which is grossly vulgar, obscene, and repugnant to common

---

[5] It appears that the Joint Service Committee on Military Justice amended Part IV of the 2012 *MCM* on its own to incorporate statutory amendments to the UCMJ enacted on December 31, 2011, eighteen days after the President had promulgated the last executive order included in the 2012 *MCM*. *See MCM*, Preface, at 1, ¶¶ 1, 4.

propriety, and tends to excite sexual desire or de-
prave morals with respect to sexual relations.

Article 120b(h)(5), UCMJ (emphasis added).

Appellant claims the most closely related offense is "in-
decent exposure," which carries a maximum punishment of
one year, and whose elements under the 2006 version of Ar-
ticle 120(n), UCMJ, are:

> (a) That the accused exposed his or her genita-
> lia, anus, buttocks, or female areola or nipple;

> (b) That the accused's exposure was in an in de-
> cent manner;

> (c) That the exposure occurred in a place where
> the conduct involved could reasonably be expected
> to be viewed by people other than the accused's
> family or household; and

> (d) That the exposure was intentional.

*MCM*, Punitive Articles Applicable to Sexual Offenses
Committed During the Period 1 October 2007 Through 27
June 2012 app. 28, at A28-9 [hereinafter *MCM*, Punitive Ar-
ticles Applicable to Sexual Offenses].[6] Indecent exposure is
more general than is sexual abuse of a child: it protects both
child and adult victims. And while the conduct of a sexual
abuse of a child offense may be committed using a form of
communications technology, it is not so clear whether that is
permissible for the offense of indecent exposure, which re-
quires that the accused's exposure occurred "in a place
where the conduct involved could reasonably be expected to
be viewed by people other than the accused's family or
household." *Id.*

The Government asserts that the offense most closely re-
lated to the 2011 version of sexual abuse of a child is inde-
cent liberty with a child under the 2006 version of Article
120(j), UCMJ, the elements of which are:

---

[6] In carrying out our duty to interpret the elements of sub-
stantive offenses this Court is not bound by those promulgated by
the President in the *MCM. United States v. Davis*, 47 M.J. 484,
486 (C.A.A.F. 1998); *see United States v. Mance*, 26 M.J. 244, 252
(C.M.A. 1988). Nevertheless, it appears the elements of the offens-
es as promulgated in the *MCM* appear to be correct.

(a) That the accused committed a certain act or communication;

(b) That the act or communication was indecent;

(c) That the accused committed the act or communication *in the physical presence of* a certain child;

(d) That the child was under 16 years of age; and

(e) That the accused committed the act or communication with the intent to:

(i) arouse, appeal to, or gratify the sexual desires of any person; or

(ii) abuse, humiliate, or degrade any person.

*MCM*, Punitive Articles Applicable to Sexual Offenses app. 28, at A28-8 to A28-9 (emphasis added).

The term "indecent liberty" means *indecent conduct*, but physical contact is not required. It includes one who with the requisite intent exposes one's genitalia, anus, buttocks, or female areola or nipple to a child. An indecent liberty may consist of communication of indecent language as long as the communication is made in the physical presence of the child. If words designed to excite sexual desire are spoken to a child, or a child is exposed to or involved in sexual conduct, it is an indecent liberty; the child's consent is not relevant.

*Id.* app. 28, at A28-4 (emphasis added).

The term "indecent conduct" means that form of immorality relating to sexual impurity that is grossly vulgar, obscene, and repugnant to common propriety, and tends to excite sexual desire or deprave morals with respect to sexual relations. Indecent conduct includes observing, or making a videotape, photograph, motion picture, print, negative, slide, or other mechanically, electronically, or chemically reproduced visual material, without another person's consent, and contrary to that other person's reasonable expectation of privacy, of—

(A) that other person's genitalia, anus, or buttocks, or (if that other person is female) that person's areola or nipple; or

> (B) that other person while that other person is engaged in a sexual act, sodomy (under section 925 (article 125) of this chapter), or sexual contact.

*Id.*

Indecent liberty with a child, like sexual abuse of a child, is limited to conduct involving children. However, it is more narrowly drawn, in that it specifically requires that the conduct occur in the physical presence of the victim. *Id.* app. 28, at A28-9. Moreover, the definition of "indecent conduct," as it regards electronic communication, seems to contemplate representations of the *victim's* private parts, a situation which is not present here. *See id.* app. 28, at A28-4.

Citing this Court's opinion in *Beaty*, 70 M.J. at 42, Appellant argues that to be closely related the offense must contain all the elements of the alleged offense. But in *Beaty*, we were applying R.C.M. 1003(c)(1)(B)(ii), which requires that the Article 134 offense be essentially the same—contain the same conduct and mens rea—as the offense under the United States Code from which the maximum sentence was drawn. 70 M.J. at 42–43. In applying R.C.M. 1003(c)(1)(B)(i), this Court has never required that the closely related offense contain all of the elements of the offense of which the appellant was convicted.

The Government argues that *United States v. Ramsey*, 40 M.J. 71, 76 (C.M.A. 1994), "offers a much better framework than *Beaty* for determining" closely related offenses. In *Ramsey*, the Court of Military Appeals compared the "social costs" of the offenses in applying R.C.M. 1003(c)(1)(B)(i) to determine the maximum punishment for an Article 134 offense not specifically delineated in the *MCM*. But *Ramsey* is the sole case in which this Court has employed a social costs analysis to evaluate closely related offenses. At other times, we have compared the elements of the offenses, albeit in a somewhat cursory manner. *See United States v. McDaniel*, 39 M.J. 173, 175 (C.M.A. 1994). Evaluating the social costs of an offense is exceedingly subjective, open to varying interpretations, and does not provide the guidance of an elements test.

Comparing the elements of the offenses, it appears that the offense of sexual abuse of a child is more closely related

to indecent exposure than to indecent liberty. At worst, it could be argued that the two are equally closely related to the offense of sexual abuse of a child, in which case the applicable maximum punishment is that of "the least severe of the listed offenses," R.C.M. 1003(c)(1)(B)(1): a dishonorable discharge and confinement for one year.

Based on a fifteen-year confinement maximum for sexual abuse of a child, the military judge determined that the maximum punishment for all of the offenses to which Appellant pled guilty was a dishonorable discharge and confinement for twenty-two years and one month. I conclude the maximum was a dishonorable discharge and confinement for eight years and one month. I would reverse the judgment of the United States Air Force Court of Criminal Appeals as to the sentence and remand for reassessment.[7]

---

[7] Appellant was prepared to plead guilty under either maximum punishment. Therefore, there is no issue as to whether the military judge's error affected the providence of Appellant's pleas. *See United States v. Walker*, 34 M.J. 264, 266–67 (C.M.A. 1992).